**WAL–MART STORES, INC., Appellant,**

v.

**Lorene RANGEL, Appellee.**

No. 2–97–061–CV.

Court of Appeals of Texas, Fort Worth.

March 26, 1998.

Rehearing Overruled May 7, 1998.

Bobby G. Pryor, David R. Work, Pryor & Bruce, Dallas, for Appellant.

Bryan Pope, Sandra Cook, Law Offices of Sandra Cook, Susan Taylor, Dallas, for Appellee.

Before CAYCE, C.J., and DAY and HOLMAN, JJ.

## OPINION

HOLMAN, Justice.

Wal–Mart appeals a jury's verdict that when Lorene Rangel was injured by slipping and falling in a mix of water and ice cubes that had been spilled on the store's floor, her injury was proximately caused by Wal–Mart's negligence in failing to use ordinary care to reduce or eliminate an unreasonable risk of harm created by the floor's condition that, in the exercise of ordinary care, was known or should have been known, to the store's personnel. We affirm.

### A Single Issue

Although Wal–Mart presents three points on appeal, there is but a single issue: whether the jury's verdict is supported by sufficient evidence that Wal–Mart had constructive knowledge of a dangerous condition on its premises that proximately caused Ms. Rangel to slip and fall. The parties to the appeal agree that there is no evidence that Wal–Mart had actual knowledge of the condition before Ms. Rangel fell.

Wal–Mart insists that there was no evidentiary basis for the jury to conclude that store personnel had constructive knowledge of the spill; therefore, the trial court's errors were (1) denying Wal–Mart's two oral motions for instructed verdict, first at the close of Ms. Rangel's case-in-chief and finally at the close of Wal–Mart's case; (2) denying Wal–Mart's motion for judgment notwithstanding the verdict; and (3) denying its motion for new trial.

### Standards of Review

■ Wal–Mart asserts both "no evidence" and "insufficient evidence" points on appeal. In determining a no evidence point, we are to consider only the evidence and inferences that tend to support the finding and disregard all evidence and inferences to the contrary. *See Leitch v. Hornsby,* 935 S.W.2d 114, 118 (Tex.1996); *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661–62 (1951). If there is more than a scintilla of such evidence to support the finding, the claim is sufficient as a matter of law, and any challenges go merely to the weight to be accorded the evidence. *See Leitch,* 935 S.W.2d at 118.

■ A no evidence point may only be sustained when the record discloses one of the following: (1) a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla of evidence; or (4) the evidence establishes conclusively the opposite of a vital fact. *See Juliette Fowler Homes, Inc. v. Welch Assocs.,* 793 S.W.2d 660, 666 n. 9 (Tex.1990) (citing Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error,* 38 Tex. L.Rev. 361, 362–63 (1960)). There is some evidence when the proof supplies a reasonable basis on which reasonable minds may reach different conclusions about the existence of the vital fact. *See Orozco v. Sander,* 824 S.W.2d 555, 556 (Tex.1992).

An assertion that the evidence is "insufficient" to support a fact finding means that the evidence supporting the finding is so weak or the evidence to the contrary is so overwhelming that the answer should be set aside and a new trial ordered. *See Jaffe Aircraft Corp. v. Carr,* 867 S.W.2d 27, 29 (Tex.1993).

■ When a trial court is presented with a motion for directed verdict, it must (1) accept as true all evidence tending to support the nonmovant's contentions, (2) construe that evidence liberally in favor of the nonmovant, and (3) disregard any contrary evidence and all contrary inferences. *See White v. Southwestern Bell Tel. Co.,* 651 S.W.2d 260, 262 (Tex.1983); *Heinsohn v. Trans–Con Adjustment Bureau,* 939 S.W.2d 793, 795 (Tex. App.—Fort Worth 1997, writ denied). A trial court may not pass on the credibility of witnesses as part of its evaluation of a motion for directed verdict. *See id.* at 795–96.

A trial court may render judgment non obstante verdicto (n.o.v.) If a directed verdict would have been proper. *See* TEX.R. CIV. P. 301. A motion for judgment n.o.v. should be granted when the evidence is conclusive and one party is entitled to judgment as a matter of law. *See Mancorp, Inc. v. Culpepper,* 802 S.W.2d 226, 227 (Tex.1990). If there is more than a scintilla of evidence, a judgment n.o.v. is improper. *See id.* at 228. In determining whether there is more than a scintilla of evidence on which the jury could have made the finding challenged in a motion for judgment n.o.v., we must view the evidence in the light most favorable to the finding, considering only the evidence and inferences supporting the finding and rejecting the evidence and inferences contrary to the finding. *See id.* at 227–28.

### The Elements of a Slip and Fall Cause of Action

■ To obtain a verdict and judgment for injuries suffered from a slip and fall, a plaintiff must establish four elements:

1. Actual or constructive knowledge of some condition on the premises by the owner/operator;
2. That the condition posed an unreasonable risk of harm;
3. That the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and
4. That the owner/operator's failure to use such care proximately caused the plaintiff's injuries.

*See Keetch v. Kroger Co.,* 845 S.W.2d 262, 264 (Tex.1992); *Corbin v. Safeway Stores, Inc.,* 648 S.W.2d 292, 296 (Tex.1983). In this case, the threshold inquiry is whether Wal–Mart had constructive knowledge of the water and ice cubes on the floor, and unless there was sufficient evidence that Wal–Mart had that constructive knowledge, consideration of the other three elements becomes irrelevant. It is undisputed that Ms. Rangel was injured by her fall. Wal–Mart focuses its appeal entirely upon the threshold question of whether it had constructive knowledge, so Wal–Mart registers no complaint about the medical evidence, upon which the jury awarded Ms. Rangel $22,172.74 for physical pain and mental anguish, physical impairment, and medical care.

### The Evidence

Evidence shows that Ms. Rangel had been in the Wal–Mart store for about two minutes when she encountered a store display that blocked her view of the ice cubes and water on the floor. As she walked around the display, she "went into" the water and ice and slipped and fell. After she fell, a Wal–Mart associate standing on a ladder about 10 feet away "screamed" at Ms. Rangel not to move. Evidence shows that Wal–Mart sold fountain drinks in its snack bar; that the store's employees did not prevent customers from carrying food and drinks while walking throughout the store; and that the store is managed subject to a written safety manual, which emphasizes that all store employees are responsible for keeping the floors safe. It is undisputed that there was water mixed with ice cubes on the floor where Ms. Rangel fell. After she fell, an unidentified customer reported to a service manager in the store that a customer had "gone on" after spilling the drink on the floor.

Contending that the jury's verdict is grounded only in suspicion, Wal–Mart correctly observes that we may not sustain a verdict based on nothing more than speculation, conjecture, or surmise. *See Browning–Ferris, Inc. v. Reyna,* 865 S.W.2d 925, 928 (Tex.1993); *McIver v. Gloria,* 140 Tex. 566, 169 S.W.2d 710, 712 (1943). In its brief, Wal–Mart poses several rhetorical questions about the Wal–Mart employee who was on the ladder 10 feet from the spot where Ms. Rangel slipped and fell: (1) Was the employee on the same aisle where the incident happened or on a different aisle? (2) How high on the ladder was the employee standing? (3) From the employee's vantage point on the ladder, could she have seen the water and ice on the floor? (4) Was the employee's line of sight to Ms. Rangel obstructed by display shelves, other customers or employees, a shopping cart, or anything else? (5) Did the employee get on the ladder after Ms. Rangel fell? (6) After Ms. Rangel fell, how much time elapsed before the employee on the ladder saw her? Wal–Mart maintains,

unpersuasively, that because no one sought answers to those questions at trial, the jury was left with no more than a scintilla of evidence to support its verdict.

We recognize that the trial court charged the jury that its answers to the jury questions must be based only upon the evidence and not upon conjecture. Within that context, the jury was entitled to draw reasonable inferences from the circumstantial evidence it heard. The court charged the jury that a fact may be established by circumstantial evidence when the fact may be thoroughly and reasonably inferred from other proven facts. *See Blount v. Bordens, Inc.,* 910 S.W.2d 931, 933 (Tex.1995). And a jury can draw numerous inferences based on a single fact situation. *See McClure v. Allied Stores of Texas, Inc.,* 608 S.W.2d 901, 904 (Tex. 1980).

■ In its brief, Wal–Mart maintains that Ms. Rangel did not prove that the store had constructive knowledge of the water and ice cubes because she could not show that the "substance had been on the floor for such a period of time that it would have been discovered and removed by the defendant in the exercise of ordinary care." However, that is not the standard Ms. Rangel had to meet. Rather than having to prove one particular instance of negligence or knowledge of one specific hazard (the water and ice), Ms. Rangel's right to recover from Wal–Mart required her to show that Wal–Mart had *knowledge of the foreseeable harm* that could result from the store's policy of allowing its customers to walk throughout the premises while carrying food and drinks. *See Corbin,* 648 S.W.2d at 296. In this case, the store's assistant manager, who had worked fifteen years for Wal–Mart, testified that before Ms. Rangel fell, he was aware of the store's poli-cy, he knew people would carry food and drinks through the store, they could spill or drop those items on the floor, and that it was foreseeable a customer might slip, fall, and be injured in a liquid spilled on the floor by another customer. He also testified that in spite of that foreseeability, there were only three routine "safety sweeps" of the floor during each day.

The evidence heard by the jury established that Wal–Mart had constructive knowledge of the dangerous condition on its premises that proximately caused Ms. Rangel to fall and be injured. From the assistant manager's testimony and the other evidence we have discussed, reasonable jurors could conclude that Wal–Mart's policy of allowing food and drink to be carried throughout the store created a foreseeable danger and risk of harm that Wal–Mart negligently failed to prevent by ordinary care with reasonable precautions. *See Kindred v. Con/Chem, Inc.,* 650 S.W.2d 61, 63 (Tex.1983); *McClure,* 608 S.W.2d at 904.

### Conclusion

For the reasons we have discussed, we conclude that there is more than a scintilla of evidence that furnished some reasonable basis for differing conclusions by reasonable minds on the jury as to the existence of the vital facts of this case. *See Kindred,* 650 S.W.2d at 63. A jury's decision is binding if there is some evidence to support it. *See Stafford v. Stafford,* 726 S.W.2d 14, 16 (Tex. 1987). And where there is more than a scintilla of evidence to support a jury's findings, challenges to that evidence go merely to the weight to be accorded to that evidence. *See Browning–Ferris, Inc.,* 865 S.W.2d at 928. Accordingly, we may not disturb the jury's verdict. The trial court did not err by denying Wal–Mart's motions for instructed verdict, or by denying its motion for judgment n.o.v. and motion for new trial. We overrule each of Wal–Mart's points of error and affirm the judgment.