Tom GLENN, and Texas Worker's
Compensation Insurance
Fund, Appellants,

v.

C & G ELECTRIC, INC., Appellee.

No. 2–97–138–CV.

Court of Appeals of Texas,
Fort Worth.

June 11, 1998.

Rehearing Overruled July 16, 1998.

B Buzz Deitchman, Scott H. Palmer, Dallas, for Appellants.

Douglas D. Fletcher, Lance E. Caughfield, Michael S. Francis, Fletcher & Springer, L.L.P., Dallas, for Appellee.

Before DAUPHINOT, RICHARDS and HOLMAN, JJ.

## OPINION

HOLMAN, Justice.

This is a workers compensation case that ended with a directed verdict for C & G Electric. We affirm.

### Background

The case began when Appellant Tom Glenn asserted a workers compensation claim alleging that he was injured by the negligence of an employee of C & G Electric while both were working at a construction site. At the time of his alleged injury, Mr. Glenn was employed on the site by a subcontractor other than C & G Electric. The suit is for money damages upon allegations that his injury was permanent, disabling, required extensive past medical treatment, left him unable to work, and would require future medical treatment. Appellant Texas Workers Compensation Insurance Fund is an intervenor seeking reimbursement for workers compensation payments the fund made to Mr. Glenn.

The case was called for trial, and a jury was selected. Before presenting any witnesses or evidence, Mr. Glenn's attorney told the court he anticipated that C & G Electric would object at trial to the admissibility of Mr. Glenn's medical records that came from seven separate medical providers. Six of the records packets were individually authenticated as business records by attached depositions on written questions signed and sworn to by the respective custodians of the records. *See* TEX.R. CIV. EVID. 803(6) and 902(10).[1] The written questions asked and answered in each deposition were limited to questions that established a business records status. *See id.* The record from the seventh medical provider was authenticated only by the attached written affidavit of that provider's custodian of records, in accordance with the rule. *See id.* The court then recessed the jury in order to consider the matter outside the jury's presence.

Once the jury left the courtroom, C & G Electric's attorney told the court that he had objections to the records' admissibility on several[2] grounds: (1) that the doctors or medical providers who produced the records had not been identified as experts in response to interrogatories and requests for production and therefore should be automatically excluded under the rules of civil procedure, *see* TEX.R. CIV. P. 166b and 215.5, and (2) that the medical records do not establish that any of Mr. Glenn's medical treatment was reasonable, necessary, or caused by the injury-event he alleges in the suit. After listening to the opposing attorneys and taking a brief recess, the court told them the objections to Mr. Glenn's medical records were sustained.

---

1. At the time of trial, the rules of evidence for civil trials and criminal trials were separate. Effective March 1, 1998, the Texas Supreme Court and the Court of Criminal Appeals of Texas enacted a single set of rules known as the *Texas Rules of Evidence.*

2. At page 4 of its brief on appeal, C & G Electric contends that three grounds for objection were described to the court, including the ground that the medical records contained "inadmissible testimony." However, the reporter's record, pages 9—22, reflects that only the two grounds listed above were stated. Neither of those addresses the subject of inadmissible testimony.

## Directed Verdict

In response, and before the jury returned to the courtroom, Mr. Glenn's attorney announced to the court that he would not proceed with the trial, and Mr. Glenn agreed with that tactic. At the oral argument of this appeal, Mr. Glenn's attorney confirmed that his original plan had been to present no testimony at the trial, and instead rely solely on the introduction into evidence of Mr. Glenn's written medical records to prove his case. Consequently, the decision not to try the case once the court had ruled the records inadmissible was a tactical one. When the jury returned to the courtroom, Mr. Glenn's attorney rested and closed his case on the record without presenting any witnesses or other evidence. C & G Electric then moved for directed verdict on the ground that there was no evidence for the court to consider. The court granted the motion. A directed verdict is warranted when the entire record shows that no other verdict could have possibly been rendered. *See Heinsohn v. Trans–Con Adjustment Bureau,* 939 S.W.2d 793, 796 (Tex.App.—Fort Worth 1997, writ denied).

## Issues

Mr. Glenn appeals on two issues, neither of which mentions the directed verdict. Each issue complains only of the court's ruling that the medical records were not admissible in evidence. He contends that (1) he is not required by law to designate as experts the treating physicians whose opinions and diagnoses are included in a medical record, and (2) that properly authenticated medical records containing non-testifying doctors' opinions and diagnoses are admissible under the rules of evidence. Although neither issue contains the words "directed verdict," we view the two issues as an inferential attack on the directed verdict because the contextual premise of the appeal is that the court's evidentiary ruling neutralized Mr. Glenn's obligation to present any evidence at all, thus prejudicing his entire case and causing the trial to have an unjust result.

## Standard of Review

The decision to admit or exclude an exhibit is within a trial court's discretion and should not be overruled unless the court has abused its discretion. *See Gilgon v. Hart,* 893 S.W.2d 562, 569 (Tex.App.—Corpus Christi 1994, writ denied). To determine whether a trial court abused its discretion, we must decide "whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable." *Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex.1990); *see Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). Moreover, we may not reverse a judgment on the improvident exclusion of an exhibit unless the exhibit was of a nature that its exclusion probably resulted in the rendition of an incorrect judgment. *See* Tex. R.App. P. 44.1(a).

## Preliminary Questions of Admissibility

A trial court is charged with the responsibility of determining all preliminary questions of the admissibility of evidence and in so doing is not bound by the rules of evidence except those with respect to privileges. *See* Tex.R. Civ. Evid. 104. When evidence is offered and excluded at trial because of an opponent's objection, the offering party is not entitled to predicate error upon the exclusionary ruling unless that ruling affects a substantial right of the offering party. *See* Tex.R. Civ. Evid. 103. And, the rules of evidence require the party ruled against to offer the evidence on the record and obtain the court's exclusionary ruling on the record. *See id.* If necessary, the offer and exclusion may be accomplished with a bill of exceptions made outside the jury's presence. *See id.* It is plain from the record in this case that the parties and the trial court treated the conference between the court and the attorneys as part of the jury trial, and that they all treated Mr. Glenn's medical records as having been both offered as evidence and ruled inadmissible by the court. We will do the same. *See Moore v. Polish Power, Inc.,* 720 S.W.2d 183, 184 (Tex.App.—Dallas 1986, writ ref'd n.r.e.).

## Medical Records Admissibility

In pretrial discovery, C & G Electric sent interrogatories to Mr. Glenn. Interrogatory

no. 25 asked Mr. Glenn to identify each expert witness he may call to *testify* at trial and also each *consulting* expert whose work product forms a basis for a *testifying* expert's opinion. Mr. Glenn answered "[n]o experts have been retained at this time." Although in other answers to interrogatories, Mr. Glenn identified each of his treating physicians as persons with knowledge of relevant facts, C & G Electric contends that because Mr. Glenn did not designate any testifying or consulting experts, the authenticated medical records prepared by his treating physicians at the times of treatments were inadmissible. We are not persuaded.

■ Mr. Glenn's medical records were offered as business records, not expert testimony. As business records, they were admissible. *See Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 500 (Tex.1995). A physician's license does not automatically qualify the licensee as an expert on every medical question. *See Broders v. Heise*, 924 S.W.2d 148, 152 (Tex.1996). And, C & G Electric's challenge to the business records as being testimony by undisclosed experts did not somehow trigger an automatic metamorphosis of the business records into the testimony of experts who are testifying at trial. The rules of civil procedure allow a party to discover specific information about an expert who may be *called to testify* as an expert *witness*. *See* Tex.R. Civ. P. 166b(2)(e)(1). Then before testifying, every *witness* in a trial must first declare, either by oath or affirmation, that he or she will testify truthfully. *See* Tex.R. Civ. Evid. 603. That requirement applies not only to those who will testify in person in the courtroom, but also to those whose testimony at the trial will be presented by deposition. *See, e.g.,* Tex.R. Civ. P. 204, 205, 206, 208(5). A party also is entitled to discover specific information about an expert who has been used only for *consultation* and will *not* testify, but *only if* that consultant's work has been reviewed and will be relied upon by an expert who *does* testify. *See* Tex.R. Civ. P. 166b(2)(e)(1). Further, the rules of civil evidence contemplate that the testimony of an expert about facts or data underlying the expert's opinion will occur not in a business record but in circumstances where the expert witness has taken

the required oath or affirmation and the testimony is during either direct or cross-examination. *See* Tex.R. Civ. Evid. 705.

Significantly, every deposition on written questions that authenticated one of six medical records packets in this case was the deposition of only a *custodian of the records,* not a deposition of any of the treating physicians or other persons with medical expertise. And, the seventh medical records packet was authenticated by the affidavit of its custodian, not an affidavit of treating physicians or other medical experts. The concept of discovering testifying experts and consulting experts who will not testify but will provide written support for a testifying expert is different from the concept of discovering medical records. *See National Standard Ins. Co. v. Gayton*, 773 S.W.2d 75, 77 (Tex. App.—Amarillo 1989, no writ). And, as a matter of law, Mr. Glenn's answer to interrogatory no. 25 did not prevent the admission into evidence of the medical business records of the non-testifying treating physicians whose opinions or diagnoses are within those properly authenticated business records. *See id.*

We have carefully reviewed the written authentication on each of the seven business record packets that are included as exhibits in the reporter's record. The written authentications of the seven sets of records by their custodians qualified them for admissibility into evidence under the business records exception to the hearsay rule. *See* Tex.R. Civ. Evid. 803(6) and 902(10); *National Standard Ins.*, 773 S.W.2d at 77.

#### No Reversible Error

■ Because the medical records were admissible in evidence as business records, we sustain both of Mr. Glenn's issues, but find no reversible error because the exclusion of the medical records did not result in the rendition of an incorrect judgment for at least three reasons. First, the medical records include no proof that the medical expenses were reasonable and necessary. *See Six Flags Over Texas, Inc. v. Parker*, 759 S.W.2d 758, 760 (Tex.App.—Fort Worth 1988, no writ). Second, in Mr. Glenn's first

amended original petition, he alleged that he was injured by the negligence of an employee of C & G Electric, and that both the company and its employee were negligent by failing to properly secure a ladder, failing to warn, failing to secure the work area, and failing to act as a prudent workman. However, in addition to pleading such matters, a plaintiff must *prove* that the defendant's negligence is the proximate cause of his injury. *See Leitch v. Hornsby,* 935 S.W.2d 114, 118 (Tex. 1996). To guide the jury, that causal link must be proved by the testimony of a medical expert. *See id.* at 119; *also see Burroughs,* 907 S.W.2d at 500. The medical records alone would not have proved any of Mr. Glenn's negligence allegations and would not have established causation or C & G Electric's liability for any injury to Mr. Glenn. Third, those records were not evidence of Mr. Glenn's pain, suffering, or the mental anguish for which he sought damages from the company. Mr. Glenn could have testified about those elements, but elected not to.

### Conclusion

Our responsibility is to determine whether, in the face of C & G Electric's motion for a directed verdict, there was any evidence of probative force to raise fact issues on the material questions presented. *See Qantel Business Sys., Inc. v. Custom Controls Co.,* 761 S.W.2d 302, 304 (Tex.1988). Mr. Glenn asserted his cause of action on allegations of negligence. Even if the medical records had been admitted as evidence as business records, the records alone would have been legally insufficient to allow the jury to consider an issue of damages, because the records alone would not have established the material issues of C & G Electric's negligence, injury-causation, or liability. Mr. Glenn elected not to rely on any evidence other than his medical records, and elected not to proceed with his trial after receiving a single adverse evidentiary ruling. On this record, we conclude that even if the trial court abused its discretion by excluding the medical records from evidence, the result of the trial was not unjust and the exclusion of the medical records did not result in the rendition of an incorrect judgment.

Because the trial court did not err in granting C & G Electric's motion for a directed verdict and entering judgment that Mr. Glenn recover nothing from C & G Electric, we affirm. *See* Tex.R.App. P. 44.1(a)(1).