13-846CV




 








NUMBER 13-01-846-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


JAMES A. MCCARTHY AND

JUDITH MCCARTHY, Appellants,


v.



PADRE BEACH HOMES, INC., Appellee.

 


On appeal from the 357th District Court of Cameron County, Texas.


 


MEMORANDUM OPINION



Before Justices Hinojosa, Castillo, and Chavez (1)


Opinion by Justice Chavez



 Appellee, Padre Beach Homes, Inc. ("Padre Beach"), brought a breach of
contract cause of action to collect $38,000 allegedly due it for construction of a beach
home for appellants, James A. and Judith McCarthy. The McCarthys answered,
claiming failure of consideration, accord and satisfaction, fraud, and that the contract
was ambiguous. They also counter-sued for untimely completion, failure to perform the
work in a good and workmanlike manner, DTPA violations, (2) and fraudulent
representation causes of action. After a week-long jury trial, the jury awarded Padre
Beach $28,300 in damages and $38,000 in attorney fees. The McCarthys were
awarded $10,000, but no attorney fees, and this appeal ensued. We affirm.

 Padre Beach agreed to construct a beach home for the McCarthys and at the
conclusion of the work, demanded that appellants pay the balance of $38,000 owed on
the contract. Appellants refused, claiming the work was neither timely completed nor
performed in a good and workmanlike manner. They also contended that appellee used
substandard materials. The jury found that Padre Beach had complied with the parties'
agreement and awarded it $28,300 under the agreement, plus $38,000 in attorney fees. 
The jury found that Padre Beach was not liable for any DTPA violations, but found that 
it had committed fraud against appellants. Appellants were awarded $10,000 in
damages on their fraud claim, but no attorney fees. 

In issue number one, appellants contend the trial court abused its discretion by
allowing into evidence a videotape of an inspection of their home. The videotape was
made by appellee during a court-ordered inspection of the home and contained audio of
conversations between one of appellee's attorneys, the president and owner of Padre
Beach, Mike Marikos, and various subcontractors. Appellants contend the videotape
was not properly authenticated. They further contend that the audio portion of the tape
was inadmissible because: (1) the witnesses on the videotape gave unsworn testimony
and appellants were thus deprived of an opportunity to cross-examine the witnesses;
and (2) the probative value of the tape was outweighed by its prejudicial effect.

Appellee argues that we should overrule appellants' first issue because it is
inadequately briefed. Appellants provide no page references to the record nor any
citations of authority in support of their argument. Appellants' brief must contain a clear
and concise argument for the contentions made, with appropriate citations to authorities
and to the record. Tex. R. App. P. 38.1(h). It does not. Failure to brief an argument
waives the claimed error. Fed. Sign v. Texas S. Univ., 951 S.W.2d 401, 410 (Tex.
1997); see also, e.g., Marquez v. Providence Mem'l Hosp., 57 S.W.3d 585, 594 (Tex.
App.-El Paso 2001, pet. denied) (appellant waived issue by failure to provide authority
in support of argument); Anderson, Greenwood & Co. v. Martin, 44 S.W.3d 200, 209
(Tex. App.-Houston [14th Dist.] 2001, pet. denied) (contention inadequately briefed,
thus waived, absent citation to record and argument).

Ordinarily, we are not required to make an independent search of the record for
the trial court's rulings about which an appellant complains. See Fredonia State Bank v.
Gen. Am. Life Ins. Co., 881 S.W.2d 279, 283 (Tex. 1994) (holding that it has never
been a part of an appellate court's duties to search the record for evidence itself). The
record in this case is not voluminous, however, and we have been able to locate the
court's rulings of which appellants complain in issue number one. We have some
discretion in deeming a point waived, ordering rebriefing, or reviewing the issue. See id.
at 284; see also Sanchez v. Sanchez, 915 S.W.2d 99, 101 (Tex. App.-San Antonio
1996, no writ). Accordingly, we will review appellants' complaint.

 The exclusion and admission of evidence is committed to the trial court's sound
discretion. Texas Dep't of Transp. v. Able, 35 S.W.3d 608, 617 (Tex. 2000). A trial
court abuses its discretion only if it acts unreasonably or without reference to any
guiding rules or principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238,
241-42 (Tex. 1985). Even if the trial court erred in admitting the videotape, including the
audio portion, appellants must still show that the evidence was harmful and probably
caused the rendition of an improper verdict. See Able, 35 S.W.3d at 617. Appellants
must also show that the judgment turns on the particular evidence that was admitted. 
See id. We will not reverse the trial court simply because we disagree with it. 
Beaumont Bank v. Buller, 806 S.W.2d 223, 226 (Tex. 1991). In determining if the
admitted evidence probably resulted in the rendition of an improper judgment, we must
review the entire record. Able, 35 S.W.3d at 617.

 Appellants argue that the videotape was not properly authenticated and that the
trial court erred in admitting the audio portion. Authentication as a condition precedent
to admissibility is satisfied by evidence sufficient to support a finding that the matter in
question is what its proponent claims. Tex. R. Evid. 901 (a). 

 Appellants' motion in limine requested that the trial court exclude evidence
regarding certain matters, including testimony concerning an altercation that occurred
during the inspection of the home. At the hearing on appellants' motion, appellants
objected to evidence regarding an incident that occurred during the inspection on
grounds that: (1) the evidence was inflammatory; and (2) because the videotape
included an exchange involving one of appellee's attorneys, admission of the videotape
would make appellee's attorney a fact witness. The following day, in a continuation of
the discussion regarding the videotape, appellants also argued that: (1) the audio
portion of the tape was inadmissible because its probative value was outweighed by its
prejudicial effect; and (2) appellants were deprived of an opportunity to cross-examine
the witnesses. During the trial, appellants objected to the videotape on grounds that
there was a need to "prove up" the video. 

 Any objection to the videotape on grounds of authenticity was satisfied when
Mike Marikos, president of Padre Beach, testified that he was present when the tape
was made and otherwise testified to its authenticity. Appellants chose not to cross-examine him on that testimony.

 Appellants argued that the probative value of the videotape was outweighed by
its prejudicial effect at the limine hearing immediately prior to trial. Appellants' argument
consisted solely of the following statement by appellants' counsel to the trial court: 

So again, all the beneficial effect of that is certainly much less than the
prejudicial effect of it. Did I say the prejudicial effect outweighs the
probative value?


In balancing probative value and unfair prejudice under rule 403, an appellate
court presumes that the probative value will outweigh any prejudicial effect. McClellan
v. Benson, 877 S.W.2d 454, 457 (Tex. App.-Houston [1st Dist.] 1994, no writ); see Tex.
R. Evid. 403. It is therefore the objecting party's burden to show that the probative
value is substantially outweighed by the danger of unfair prejudice. Poole, 974 S.W.2d
at 897. We hold that appellants' cursory objection, unsupported by argument or
authority, failed to meet their burden to show that the probative value of the videotape
was outweighed by its prejudicial effect. See id. 

Appellants' objection that they were deprived of the opportunity to cross-examine
witnesses was made during the hearing immediately prior to trial. Appellants argued
that the videotape showed Padre Beach's counsel going through the home with Marikos
and various subcontractors and asking questions concerning alleged defects with the
tile, garage door, brick, driveways, windows and cabinets. Appellants argued that
allowing the audio portion of the tape would be tantamount to offering unsworn
testimony and would deprive them of the opportunity to cross-examine the witnesses. 
We agree.

Before testifying, every witness shall be required to declare by oath or affirmation
that he or she will testify truthfully. Tex. R. Evid. 603. This requirement applies whether
the witness testifies in person or by deposition. Glenn v. C & G Elec., Inc., 977 S.W.2d
686, 689 (Tex. App.-Fort Worth 1998, pet. denied). Additionally, a witness may be
cross-examined on any matter relevant to any issue in the case, including credibility. 
Tex. R. Evid. 611(b). Cross-examination is a safeguard essential to a fair trial and a
cornerstone in the quest for truth. Davidson v. Great Nat'l Life Ins. Co., 737 S.W.2d
312, 314 (Tex. 1987). Texas has long recognized the right and necessity of full and
complete cross-examination. See id. Due process requires an opportunity to confront
and cross-examine adverse witnesses. Id. 

Reversal, however, is proper only when the error was reasonably calculated to
cause and did cause rendition of an improper judgment. Tex. R. App. P. 44.1(a). We
will not reverse a judgment for erroneous rulings on the admissibility of evidence when
the evidence in question is cumulative and not controlling on a material issue dispositive
to the case. See Gee v. Liberty Mut. Fire Ins. Co., 765 S.W.2d 394, 396 (Tex. 1989).

In the videotape, Marikos, one of his attorneys, and various subcontractors are
seen inspecting different areas of the home. As they are inspecting particular areas of
the house and driveway, there is conversation among the parties and some questions
posed by the attorney. The inspected areas were those in which appellants alleged 
that the work had either not been completed, or if completed, had not been completed in
a good and workmanlike manner. All of the areas complained about were also covered
by the live testimony of Marikos, appellants, experts and other witnesses. These areas
of the home were also depicted in the numerous photographs introduced by appellants. 
 Appellants do not inform this Court as to how the offensive audio was harmful,
how it probably caused the rendition of an improper judgment, or how the judgment
turned on this particular admission of evidence. See Able, 35 S.W.2d at 617 (a
successful challenge to evidentiary rulings usually requires the complaining party to
show that the judgment turns on the particular evidence excluded or admitted). 
Accordingly, we overrule issue number one.

In their second issue, appellants contend that the trial court abused its discretion
in allowing Padre Beach to amend its pleading concerning its claim for attorney fees. In
its petition, Padre Beach pled for attorney fees in the amount of $2,500.00. Before the
trial began, Padre Beach sought to amend its pleading in order to insert the words "at
least" before the numerical amount of $2,500. Appellants objected, claiming surprise
and contending that the deadline for the amendment of pleadings had passed. 

 Pleadings offered for filing within seven days of the date of trial or thereafter, or
after such time as may be ordered by the judge under rule 63, shall be filed only after
leave of the judge is obtained, which leave shall be granted by the judge unless there is
a showing that such filing will operate as a surprise to the opposite party. Tex. R. Civ.
P. 63; Greenhalgh v. Serv. Lloyds Ins. Co., 787 S.W.2d 938, 940 (Tex. 1990) ("[A]
party's right to amend under Rule 63 is subject only to the opposing party's right to
show surprise."). Trial amendments, on the other hand, are allowed freely when the
presentation of the merits of the action will be subserved thereby and the objecting party
fails to satisfy the court that the allowance of such amendment would prejudice him in
maintaining his action or defense upon the merits. Tex. R. Civ. P. 66. The trial court
may also grant a postponement to enable the objecting party to meet such evidence. 
Id.

 During the argument, the court remarked about the complexity of the case and
noted its view that attorney fees in excess of $2,500 had been incurred on both sides. 
To this comment, appellants' counsel agreed that his clients had incurred attorney fees
in excess of that amount. Appellants also argue that Padre Beach failed to disclose in
its response to Requests for Disclosure the amount of attorney fees it sought when it
responded to the method of calculating economic damages. The problem with this
argument is that attorney fees are not economic damages. Damages are defined as
compensation in money imposed by law for loss or injury. Geters v. Eagle Ins. Co.,
834 S.W.2d 49, 50 (Tex. 1992). Recovery of attorney fees, on the other hand, is
permitted by statute, rules of procedure, a contract between the parties, or equity. See
Tex. R. Civ. P. 215.2(b)(8) (attorney fees as sanctions); Holland v. Wal-Mart Stores,
Inc., 1 S.W.3d 91, 95 (Tex. 1999) (recovery of attorney fees allowed if permitted by
statute or contract between the parties); Knebel v. Capital Nat'l Bank, 518 S.W.2d 795,
799 (Tex. 1974) (recognizing that attorney fees can be awarded under equity).

 Again, appellants have not adequately briefed this issue. The record shows,
however, that appellee's attorney testified without objection to its claim for attorney fees. 
The written trial amendment was actually offered and filed after completion of testimony. 
Appellants did not show how they were prejudiced, nor did they seek a postponement of
the trial. On this record, therefore, we cannot say that the court abused its discretion in
allowing the trial amendment. Issue number two is overruled.

 In issue three, appellants contend the charge was defective and improper. They
argue that the jury was instructed to answer question 15 (appellants' attorney fees) only
if it answered questions 8 (DTPA violations), 10 (unconscionable course of action), and
12 (warranty compliance) affirmatively. Questions 8 and 10 were answered "No" and
question 12 was answered "Yes." Appellants argue that a finding on either issue in their
favor would entitle them to attorney fees, but under the charge as given, it would not
unless all issues were answered affirmatively. A review of the charge conference,
however, indicates that appellants raised no such objections. As a matter of fact,
appellants informed the court they had no objections to these very specific questions. 
Accordingly, appellants preserved no complaint for review. Tex. R. App. P. 33.1; Wal-Mart Stores, Inc. v. McKenzie, 997 S.W.2d 278, 280 (Tex. 1999) ("To preserve a
complaint for appellate review, a party must present to the trial court a timely request,
motion, or objection, state the specific grounds therefore, and obtain a ruling."). Issue
three is overruled.

 In issue four, appellants contend that the trial court abused its discretion by
including question 3 (specific performance) in the charge. Appellants argue that the
issue was not supported by the pleadings and that it conflicted with question 1. 
Question 1 required the jury to determine if Padre Beach had complied with the
contract. The jury was instructed to answer question 3 only if it answered question 1
"No." Because the jury answered question 1 "yes," it was therefore not required to
answer question 3. Appellants further argue that submitting question 3 to the jury
resulted in the rendition of the erroneous jury finding and judgment. Appellants have
provided no substantive analysis in their argument showing harm, nor any legal
authority in support of their argument. The issue is waived. See Federal Sign, 951
S.W.2d at 410.

 In issue number five, appellants claim that the jury erred in answering question 8
in the charge. Question 5 (extra work) was answered "No." The jury was instructed that
if it answered "no" to question 5, then it was to ". . . skip Question Number 6 and go
directly to Question Number 8." It made no mention of question 7 (appellee's claim for
attorney fees). Again, appellants have not adequately briefed the issue. They have not
presented a clear and concise argument for the contentions made. See Tex. R. Civ. P.
38.1(h). Question 8 asked the jury to determine if Padre Beach had committed any
DTPA violations. Question 8 was answered "No." Appellants do not contest the
sufficiency of the evidence to support the jury's answer. They only complain that the
jury answered the question. As noted, appellants presented no objections to the
charge and thus preserved nothing for review. See Tex. R. App. P. 33.1; McKenzie, 997
S.W.2d at 280. The issue is waived.

 In issue six, appellants complain that the trial court erred by allowing evidence
regarding the value of the home in question. Although appellants cite no references to
the record, we located the evidence of which appellants complain. It is the appraisal
record of the beach home from the county appraisal office. Again, however, appellants
have not adequately briefed the issue. Appellants merely make the blanket statement
that the admission of this evidence was inadmissible and that its admission caused the
rendition of an improper judgment. They have not argued that its admission was
harmful or that the judgment turned on admission of this particular evidence. They have
offered no legal authority in support of their argument. See Federal Sign, 951 S.W.2d at
410 (ordinarily, failure to brief an argument waives the claimed error). Issue 6 is
waived.

 Appellants argue in issue seven that the trial court abused its discretion in failing
to allow them an additional credit for fraud damages because they pled fraud as a
defense and as affirmative relief in their counterclaim. Again, appellants make no
references to the record where such a request was made to the trial court for this
additional credit. Appellants cite Anderson, Greenwood & Co. v. Martin, 44 S.W.3d 200,
212 (Tex. App.-Houston [14th Dist.] 2001, pet. denied), in support of their argument that
where fraud is alleged as a defense and as affirmative relief in a counterclaim, the fraud
question does not have to be asked twice in the charge. We agree. In Anderson, the
defendant was allowed its affirmative defense of fraud because the jury found it was
injured (as a result of the fraud), but could recover nothing on its affirmative
counterclaim because the jury found no damages. See id. Here, the jury did award
damages to appellants on their fraud claim and the court has given them credit for those
amounts in the judgment. Issue seven is overruled.

 In issue eight, appellants argue that the trial court abused its discretion in failing
to allow them recovery for attorney fees after prevailing on their DTPA and breach-of-warranty claims. The question on appellants' attorney fees was question 15. Preceding
question 15 was the following instruction: "If you have entered a dollar amount for
Questions 2B or 14, then answer the following question. Otherwise, do not answer the
following question." The jury did not enter a dollar amount for questions 2B or 14 and,
consequently, under the instructions, was not required to answer question 15. As noted
above, appellants made no objections to the charge and have therefore preserved
nothing for review. Issue eight is overruled.

 In their final issue, appellants contend that the trial court abused its discretion by
allowing appellee to recover damages on its breach of contract claim when it was found
to have fraudulently induced appellants into agreeing to the contract. Appellants cite 
Roberts v. Tipton, 562 S.W.2d 921, 923 (Tex. App.-Waco 1978, writ ref'd, n.r.e.), in
support of their argument that a finding of fraud in the inducement of a contract is fatal
to a contract and is a good defense to enforcement of such a contract. We agree. 
However, appellants did not plead fraud in the inducement. Appellants pled that they
were not liable for the balance due on the contract because: "PADRE BEACH HOME,
INC. committed fraud by and through its contract." In their prayer for relief, appellants
did not ask to be excused from payment on the grounds that they had been fraudulently
induced to enter into the contract, nor did they make any such argument in their final
summation. 

Although the jury found that Padre Beach had committed fraud against
appellants, appellants have provided no references to the record regarding evidence to
support a fraudulent inducement claim. Additionally, the jury found that Padre Beach
had complied with the agreement to construct the beach home and had not engaged in
any misleading or deceptive trade practices. Among the definitions of what constituted
a deceptive or misleading trade practice in question eight, was the following:

Failing to disclose information about goods or services that was
known at the time of the transaction with the intention to induce James A.
McCarthy and Judith McCarthy into a transaction with the intention to
induce James A. McCarthy and Judith McCarthy into a transaction [sic]
they otherwise would not have entered into if the information had been
disclosed.

At best, a finding that Padre Beach committed fraud against appellants, and a
finding that it committed no deceptive trade practice as defined above, might create a
conflict in the jury's answers. Appellants, however, did not assert any such argument at
the trial level, nor do they make that argument on appeal. 

Issue number nine is overruled and the judgment is AFFIRMED. 



 

 MELCHOR CHAVEZ

 Justice





Opinion delivered and filed this the

29th day of August, 2003.

1. Retired Justice Melchor Chavez, assigned to this Court by the Chief Justice of the
Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 75.002 (Vernon 1998).
2. See Tex. Bus. & Com. Code Ann. §§ 17.46-.854 (Vernon 2002).