**MOBIL OIL CORPORATION, Relator,**

v.

**Honorable Donald J. FLOYD, Respondent.**

**No. 09–91–096 CV.**

Court of Appeals of Texas, Beaumont.

June 6, 1991.

Rehearing Denied June 20, 1991.

Lee D. Thibodeaux, Mitchell A. Toups, Michael R. McGown, Weller, Wheelus & Green, Beaumont, for relator.

Glen W. Morgan, Reaud, Morgan & Quinn, Beaumont, for real parties in interest.

## OPINION

PER CURIAM.

On April 16, 1991, Mobil Oil Corp. ("Mobil") filed a motion for leave to file a petition for writ of mandamus. On April 30, 1991, the real party in interest filed a response at the request of the Court.

This is a negligence suit.[1] James Brindza sustained head injuries from a fall on Mobil's premises. After this suit was filed he was declared non compos mentis in an Orange County guardianship proceeding and his wife, Tracie, was appointed permanent guardian of his person and estate. Relator did not participate in the guardianship proceeding.

Mobil seeks a writ of mandamus "reversing the trial court's denial of Mobil's Motion to Compel Deposition of James R. Brindza, Order the deposition of James R. Brindza and render court costs ..." James R. Brindza was the injured party and the initial plaintiff.

Mobil argues that Brindza is neither insane nor a child and therefore not within the classification of incompetent witnesses contained in TEX.R.CIV.EVID. 601. Brindza is a real party in interest—plaintiff in this suit and possesses information reasonably calculated to lead to discovery of admissible evidence, such as his present ability to function on a daily basis, his educational background, his training as an electrician, and his perceptions regarding on-the-job safety. He may, indeed, be the only witness to certain important and crucial, factual allegations.

■■■ A party to a suit has the right to depose the opposing party. TEX.R.CIV.P. 200(1). In practical realism, James R. Brindza is an opposing party and subject to the clear language and wording of TEX.R. CIV.P. 200(1). Mobil argues that it is the plaintiffs' burden to show James Brindza is not competent to give his deposition, citing a criminal case, *Saucier v. State,* 156 Tex. Crim. 301, 235 S.W.2d 903 (1950), *cert. denied,* 341 U.S. 949, 71 S.Ct. 1016, 95 L.Ed. 1372 (1951). To demonstrate incompetency, it must be shown that (1) the witness did not have the capacity to observe intelligently at the time of the events in question; (2) that the witness lacks the capacity to recall and narrate the events at the time of

trial; or (3) that the witness lacks the capacity to understand the obligation of the oath. *Handel v. Long Trusts,* 757 S.W.2d 848 (Tex.App.—Texarkana 1988, no writ). *Handel* held the trial court erred in excluding from the trial the deposition testimony of a witness who apparently had not been judicially declared incompetent. Although the witness had a severe memory deficit, he could recall and narrate events and was capable of understanding the oath, and was therefore competent to testify. Mobil cites a court of appeals case where the court ruled that the deposition testimony of a woman previously adjudicated non compos mentis was admissible at trial. *Allen v. Payne,* 334 S.W.2d 607 (Tex.Civ.App.—Texarkana 1960, writ ref'd n.r.e.). Mobil also cites cases where children have been found to be competent witnesses. Mobil argues the guardianship is "no evidence" that Brindza is incompetent to give deposition testimony. The prior judgment of incompetency does not in and of itself disqualify the witness. *Jackson v. State,* 403 S.W.2d 145 (Tex.Crim.App.), *cert. denied* 385 U.S. 938, 87 S.Ct. 301, 17 L.Ed.2d 217 (1966), and cases cited therein.

The deposition of Dr. Larry Pollock, a neuropsychologist who has treated Brindza, appears as Appendix Exhibit 5. Mobil cites portions of the deposition where Dr. Pollock states that Brindza has normal memory and intelligence. In Pollock's opinion, Brindza could answer questions such as whether his neck hurts or what kind of training he has. He has the ability to understand simple questions and give answers and he does have some useful memory. He has the ability to understand and give an oath to tell the truth. However, his understanding of his neurocognitive and emotional functions is extremely poor. Mobil argues that none of the three factors in *Handel, supra,* are present here. Brindza was competent at the time of his training and the accident and he can pres-

---

**1.** Justice Brookshire wrote an opinion which reversed and remanded a companion case, *Brindza v. Mobil Oil Corp.,* 802 S.W.2d 706 (Tex. App.—Beaumont 1991, no writ). That case held a child has the right to recover damages for loss of consortium and mental anguish when a parent is injured but not killed by the tortious conduct of a third party. This mandamus involves certain procedural, discovery issues.

ently recall and communicate the pertinent events. He can understand the oath.

A real party in interest emphasizes other portions of Dr. Pollock's deposition in support of its position that the allegations constitute a collateral attack on the Orange County judgment. A judgment of incompetency cannot be collaterally attacked. *Walker v. Robinson*, 683 S.W.2d 875 (Tex. App.—Texarkana 1984, no writ). Brindza claims it would be an abuse of discretion to order the deposition because Brindza is severely impaired. The doctor in charge of the treatment team executed the affidavit utilized in obtaining the guardianship. A real party in interest cites Dr. Pollock's deposition, to the effect that James is unreliable because of cognitive deficits. He responds impulsively and rapidly and might possibly give answers that were inaccurate. He lacks the ability to communicate that he doesn't understand a question. In important legal matters and finances, he is probably incompetent. Tracie Brindza claims the effect of the guardianship is that James Brindza is not competent to have his deposition taken and the court has no power to declare him competent. Only the County Court of Orange County may judicially restore Brindza to sound mind. TEX. PROB.CODE ANN. § 426 (Vernon 1980). Brindza cites TEX.REV.CIV.STAT.ANN. art. 5547–83 (Vernon Supp.1991) which provides that mental competency is presumed in the absence of a contrary judicial determination under the Probate Code. However, this statute specifically refers to mental health detentions and is inapplicable here.

The general rule is discussed in several cases concerning whether a person is insane. Adjudication of insanity creates a rebuttable presumption of insanity which may be conclusively removed only by judgment of restoration of sanity. *Elliott v. Elliott*, 208 S.W.2d 709 (Tex.Civ.App.— Fort Worth 1948, writ ref'd n.r.e.); *Williams v. Sinclair–Prairie Oil Co.*, 135 S.W.2d 211 (Tex.Civ.App.—Texarkana 1939, writ dism'd judgmt cor.). An adjudication of insanity is at all times rebuttable by competent proof. *Bolton v. Stewart*, 191 S.W.2d 798 (Tex.Civ.App.—Fort Worth

1945, no writ). As a general rule, a person is presumed to be sane until such time as he is found to be insane and that, once found to be insane, he is presumed to be insane until such time as he is found to be sane. But it is well recognized that a person may be incompetent at some times but quite competent at other times. *Hefley v. State*, 480 S.W.2d 810 (Tex.Civ.App.—Fort Worth 1972, no writ). The operating presumption controls the placing of the burden of proof. *Id.* 480 S.W.2d at 814. Thus, having been judicially declared non compos mentis, James Brindza is presumably incompetent but the presumption may be rebutted. Furthermore, Mobil is not collaterally attacking the guardianship judgment. Mobil contends that the mere fact of the guardianship does not preclude taking Brindza's deposition. We agree.

We conclude that the fact of the guardianship does not automatically render Mr. Brindza incompetent to testify or incapable of giving his deposition. It does create a presumption that he is incompetent. The actual question then becomes whether he is capable of being deposed. We think it is necessary to view a discovery matter in a different light from the question of admissibility at trial because of their disparate natures and purposes. From the deposition testimony of the treating neuropsychologist, it appears that Mr. Brindza is capable of understanding the oath, and can recall and narrate events. *This being so it results in Mobil being able to examine him under oath for discovery purposes although such testimony may or may not be admissible at trial.*

Mandamus is a proper remedy for the improper denial of discovery. *Jampole v. Touchy*, 673 S.W.2d 569 (Tex.1984). Simply put, Mobil has a right to depose an opposing party. We rule the trial court erred in denying the motion to compel the taking of the desired deposition.

We are persuaded that Judge Floyd will lift and vacate his order denying Mobil's motion to compel the appearance of James R. Brindza (an original plaintiff) and the taking of his deposition. Hence, we grant the Writ of Mandamus conditionally. If,

however, the trial court fails to timely comply with this opinion, then the Writ of Mandamus will issue fully and unconditionally.

WRIT GRANTED CONDITIONALLY.