Janet HUNTER, Appellant,

v.

NCNB TEXAS NATIONAL BANK, Trustee, Harry G. Palmer, Individually and as Guardian of the Person and Estate of Ernaree H. Palmer, N.C.M., and Richard Palmer, Appellees.

No. B14–92–00659–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 10, 1993.

Rehearing Denied Aug. 12, 1993.

---

1. *Campbell v. State*, 822 S.W.2d 776 (Tex.App.— Houston [14th Dist.] 1992, pet. ref'd).

**724**

Edwin I. McKellar, Jr., Paul J. Smith, Houston, for appellant.

Linda L. Kelly, Gene Putnam, Houston, for appellees.

Before MURPHY, SEARS and DRAUGHN, JJ.

## OPINION

MURPHY, Justice.

Appellee, NCNB Texas National Bank, Trustee, brought a declaratory judgment action, which determined that appellant, Janet Hunter, has no homestead interest or claim in her mother's former residence. Appellant appeals in seven points of error, and we affirm.

Ernaree H. Palmer (Mrs. Palmer), as Grantor, executed a Revocable Trust Agreement on February 4, 1985, creating the Ernaree H. Palmer Trust (the Trust). NationsBank of Texas, N.A. (Trustee), suc-

cessor to NCNB Texas National Bank, is the current Trustee of the Trust. The Trust is for Mrs. Palmer's benefit during her lifetime and terminates upon her death. The assets of the Trust remaining at her death are to be distributed to the qualified executors or administrators of her estate. Mrs. Palmer conveyed her homestead property, 5103 Huisache in Bellaire, to the Trustee by warranty deed dated May 8, 1986.

Mrs. Palmer is a widow who has three adult children: Janet Hunter, appellant; Richard Palmer, appellee; and Harry G. Palmer, appellee. The Huisache property had been Mrs. Palmer's home, occupied with her husband and three children. Appellant returned to the Huisache property in September, 1987, to reside with her mother. Mrs. Palmer's sister, Gerstle Scoggins, also moved to the home in November, 1987.

On August 9, 1988, the trial court found Mrs. Palmer to be an incompetent person and appointed Harry G. Palmer as guardian of her person and estate. Mrs. Palmer was then admitted into a nursing home and resided there until late December, 1989, when she returned to her home. She remained home until February, 1990, when she was admitted to another nursing home, where she currently resides. When Mrs. Palmer lived at home, appellant cared for her mother. Appellant continues to reside at the Huisache property and care for Mrs. Scoggins.

Appellant leased the Huisache property from the Trustee for a period of one year commencing January 1, 1989. After the expiration of the lease, despite requests by the Trustee, appellant refused to sign a new lease agreement or pay rent because she claimed she has a homestead interest in the property.

On January 28, 1991, the Trustee filed its petition for declaratory judgment to determine if the Huisache property is an asset of the Trust subject to administration by the Trustee, or if the court has jurisdiction to set aside the property to appellant as her homestead. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 37.005 (Vernon Supp.1993). Appel-

lant filed an answer and a cross action against Harry Palmer, Individually and as Guardian. The cross-action is not part of this appeal. Appellant added a counterclaim against appellees on September 23, 1991. The Trustee moved to sever its original action from appellant's counterclaim and cross-action. Appellant moved to sever her cross-action from the issues in the Trustee's petition and her counterclaim.

In open court on October 1, 1991, and by order dated October 28, 1991, the court, on its own motion, severed the issue of appellant's homestead rights in the Huisache property from all other issues. The homestead case proceeded to trial on October 1, 1991. On November 13, 1991, the parties submitted an agreed statement of facts pursuant to TEX.R.CIV.P. 263. The court entered a judgment on February 7, 1992, that appellant has no homestead interest in, or claim to, the Huisache property, and appellant now appeals.

In appellant's first two points of error, she asserts that the trial court erred in denying her motion for severance and in severing the homestead claim on its own motion. Appellant argues that her counterclaim is a compulsory counterclaim and is not properly severable. Appellant's counterclaim seeks a declaratory judgment on the following issues:

(1) That the Huisache property is part of the guardianship estate of Mrs. Palmer;

(2) That the court set aside the Huisache property for the use and benefit of Janet Hunter pursuant to Section 271 of the Probate Code;

(3) That the revocable trust agreement does not establish a valid express trust;

(4) That the Huisache property is not subject to the Trust;

(5) That Janet Hunter is entitled to recover her costs and attorney's fees.

■ The Trustee correctly points out that appellant failed to support her first point of error with authority. A point of error must be supported by argument and authority to be properly before the court on appeal. TEX.R.APP.P. 74(f). Additionally, the court's severance accomplished appellant's desire to separate her cross-action from the other issues; therefore, appellant has not shown she was harmed by the failure to grant her motion. We overrule her first point of error.

■ Turning to her claim that the trial court improperly severed her counterclaims, appellant acknowledges that a trial court has broad discretion regarding the severance of causes of action. TEX.R.CIV.P. 41; *Cherokee Water Co. v. Forderhause*, 641 S.W.2d 522, 525 (Tex.1982). A trial court's decision to sever a counterclaim will not be disturbed on appeal unless there is a showing of an abuse of discretion. *Ryland Group, Inc. v. White*, 723 S.W.2d 160, 161 (Tex.App.—Houston [1st Dist.] 1986, orig. proceeding).

■ A claim is properly severable if: (1) the controversy involves more than one cause of action; (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted; and (3) the severed claim is not so interwoven with the remaining action that they involve the same facts and issues. *Guaranty Federal Savings Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex.1990).

■ We find that the trial court did not abuse its discretion in severing the homestead issue from the other claims in this suit. In resolving the homestead issue, the trial court of necessity considered appellant's counterclaim concerning the homestead issue. The remaining claims concern the Trust and the Trust assets, and in our opinion are not so interwoven with the homestead issue that they involve the same facts and issues. The fact that other issues in the general controversy between the parties remain unresolved by a declaratory judgment does not deprive the court of the power and discretion to render such a judgment. *Southern National Bank of Houston v. City of Austin*, 582 S.W.2d 229, 237 (Tex.Civ.App.—Austin 1979, writ ref'd n.r.e.). The court has discretion to render a judgment declaring the rights of the parties as to only some of the issues raised. *Id.* We conclude that the trial court properly narrowed its focus to the ultimate issue affecting appellant: whether

she has a valid homestead interest in the Huisache property. Appellant's homestead rights, if any, must be determined regardless of whether the property is part of the guardianship estate or the Trust estate. We overrule appellant's second point of error.

Appellant's third, fourth and fifth points of error concern the application of the homestead laws to the facts of this case. First, appellant asserts that the court erred in finding that section 271 of the probate code is not applicable to appellant because Mrs. Palmer is still living. In a separate point, appellant contends generally that the court erred in failing to find appellant is entitled to relief under section 271. In point of error four, appellant claims that the court erred in rendering judgment that appellant has no homestead interest or claim to the Huisache property. We will address these points together.

■ Texas law recognizes two forms of homestead protection: the probate homestead and the protection of the homestead from creditors. Article XVI, section 52 of the Texas constitution gives a deceased spouse's survivor and minor children the right to occupy the homestead for life. TEX. CONST. art. XVI, § 52. Section 271 of the probate code provides that in administering an estate, the court shall "set apart for the use and benefit of the surviving spouse and minor children and unmarried children remaining with the family of the deceased, all such property of the estate as is exempt from execution or forced sale by the constitution and laws of the state." TEX.PROB.CODE ANN. § 271 (Vernon 1980). Section 272 provides that "the homestead shall be delivered to the surviving spouse, if there be one, and if there be no surviving spouse, to the guardian of the minor children and unmarried children, if any, living with the family." TEX.PROB.CODE ANN. § 272 (Vernon 1980).

■ Appellant relies on section 108 of the probate code, which provides: "The provisions, rules, and regulations which govern estates of decedents shall apply to and govern guardianships, *whenever the same are applicable* and are not inconsis-

tent with any provision of [the probate code]." TEX.PROB.CODE ANN. § 108 (Vernon 1980) (emphasis added). Appellant attempts to apply section 108 to sections 271 and 272, resulting in a requirement that homestead property of an incompetent person under a guardianship must be set aside to an adult child. Appellant has cited no authority, and we have been unable to find any, supporting this interpretation. The trial court determined that there can be no probate homestead protection until there is a death of a person owning the homestead property. We agree.

■ The second homestead protection is the protection from creditors. Article XVI, section 50 exempts the homestead from the owner's debts during the owner's lifetime, except for purchase money debts, taxes and improvements. TEX. CONST. art XVI, § 50. Appellant argues that the Texas constitution supports her position because article XVI, section 50 refers to the homestead of the "family." However, this section, and the cases upon which appellant relies supporting the protection of the homestead while any constituent family member occupies it, are inapplicable. These cases, and article XVI, section 50, concern the protection from forced sale for the payment of debts, which is not at issue in this case.

■ Finally, appellant argues that her interest in the property should be preserved because Mrs. Palmer intends for her to inherit the property. The trial court found that the last known will of Mrs. Palmer leaves the Huisache property to appellant. Appellant claims that she will lose her inheritance rights to the property if it is sold. This argument is unavailing to appellant because a will is not effective until it has been admitted to probate. TEX. PROB.CODE ANN. § 94 (Vernon 1980). Acceptance of appellant's argument would result in an owner being unable to dispose of property during her lifetime because of objection from children who stand to inherit the property.

We overrule appellant's third, fourth and fifth points of error.

In appellant's sixth point of error, she complains that the trial court erred in failing to file additional findings of fact and conclusions of law. The trial court filed findings and conclusions that appellant has no homestead interest in, or claim to, the Huisache property. The court found that article XVI, section 52 of the Texas constitution and section 271 of the probate code do not apply to appellant because Mrs. Palmer is still living. The court also found that article XVI, section 50 of the Texas constitution is not applicable because appellant does not own the Huisache property and is not claiming protection from creditors. Appellant then requested additional findings and conclusions to declare the Trust invalid, finding the sale of the property unnecessary, and declaring appellant's inheritance rights in the property. No additional findings were made.

Rule 298 requires the court to file additional findings "that are appropriate." TEX.R.CIV.P. 298. Additional findings and conclusions are not required if they do not relate to the ultimate or controlling issues before the court, or where they conflict with the original findings and conclusions made and filed by the trial judge. *Dura–Stilts Co. v. Zachry*, 697 S.W.2d 658, 661 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.); *Garcia v. Ramos*, 546 S.W.2d 400, 403 (Tex.Civ.App.—Corpus Christi 1977, no writ).

In this case, we find that most of the additional requested findings and conclusions do not relate to the ultimate issue before the court, and the remaining requests which concern the homestead issue conflict with the finding that appellant has no homestead rights in the property. Therefore, the additional requested findings were not "appropriate," and the trial court was not required to make them. We overrule appellant's sixth point of error.

Finally, appellant complains in her seventh point of error that the trial court erred in refusing to admit Mrs. Palmer's deposition into evidence. The trial court had authorized the taking of Mrs. Palmer's deposition, but the guardian's counsel objected to its admission at trial based upon Mrs. Palmer's incompetency. The court sustained the objection and did not admit the deposition. Appellant preserved error by making an offer of proof. TEX.R.APP.P. 52(b). Admission of evidence is within the trial court's discretion. *Garza v. Cole*, 753 S.W.2d 245, 254 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.). The ruling of a trial court on the issue of competency will not be disturbed on appeal absent a showing of an abuse of discretion. *Martini v. State*, 629 S.W.2d 253, 254 (Tex.App.—Corpus Christi 1982, no pet.).

Insane persons are not competent to testify. TEX.R.CIV.EVID. 601(a)(1). "Incompetent persons" are persons "non compos mentis, mentally disabled persons, insane persons, common or habitual drunkards, and other persons who are mentally incompetent to care for themselves or to manage their property and financial affairs." TEX.PROB.CODE ANN. § 3(p) (Vernon Supp.1993). A prior judgment of incompetency does not in and of itself disqualify a witness; however it does create a presumption that she is incompetent. *Mobil Oil Corp. v. Floyd*, 810 S.W.2d 321, 323–24 (Tex.App.—Beaumont 1991, orig. proceeding). This presumption may be rebutted by competent proof. *Id.* at 324.

In this case, appellant offered no testimony to rebut the presumption that Mrs. Palmer was incompetent to testify. The trial court did not abuse its discretion in refusing to admit Mrs. Palmer's deposition. Further, appellant has not shown that she was harmed by the deposition's exclusion. Based upon the agreed statement of facts, the trial court determined that appellant has no homestead claim to the subject property, and Mrs. Palmer's deposition testimony was unnecessary to that determination.

We overrule appellant's seventh point of error and affirm the judgment of the trial court. Appellee, Harry G. Palmer, brings a cross point of error asking that sanctions be imposed against appellant under TEX. R.APP.P. 84. We find that sanctions are

not appropriate in this case and overrule the cross point.