In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-14-00091-CV

_____

IN RE RONALD ALSBROOKS

_____

Original Proceeding

_____

**MEMORANDUM OPINION**

Ronald Alsbrooks, the plaintiff in a case filed in the 411th District Court of Polk County, petitions for mandamus relief from a severance order signed by the visiting judge shortly before the beginning of the jury trial. After reviewing the mandamus petition and the response filed by the real parties in interest, John Walter Cobb and Elizabeth K. Cobb, we deny mandamus relief.

"Any claim against a party may be severed and proceeded with separately." Tex. R. Civ. P. 41. "Severance of claims under the Texas Rules of Civil Procedure rests within the sound discretion of the trial court." *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 629 (Tex. 1996). Severance is proper when: (1) the

controversy involves multiple causes of action; (2) the severed claim could be asserted independently in a separate lawsuit; and (3) the severed claim is not so interwoven with the other claims that they involve the same facts and issues. *See In re State*, 355 S.W.3d 611, 614 (Tex. 2011) (orig. proceeding). "The controlling reasons for a severance are to do justice, avoid prejudice and further convenience." *Guaranty Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex. 1990). A trial court has discretion to render a judgment declaring the rights of the parties as to only some of the issues raised in the general controversy. *Hunter v. NCNB Tex. Nat'l Bank*, 857 S.W.2d 722, 725 (Tex. App.—Houston [14th Dist.] 1993, writ denied).

The case before the trial court began in 2009 as a suit for declaratory judgment and damages brought by Joyce Cobb against John Walter Cobb and Elizabeth K. Cobb individually, as co-executors of the estate of John Vernon Cobb, and as general partners in the J. Cobb Family Limited Partnership. After Joyce Cobb's death, Alsbrooks was appointed as the temporary administrator of her estate and substituted as plaintiff. When the trial court issued the order that is the subject of this proceeding, Alsbrooks's pleadings alleged that John Vernon Cobb contributed community property to the family partnership and that upon his death, his spouse, Joyce Cobb became a limited partner of the family partnership.

2

Alsbrooks alleged that John Walter Cobb controlled and used partnership property for his personal enrichment, and also alleged that as trustees of the John Vernon Cobb Family Trust, John Walter Cobb and Elizabeth Cobb turned to their own benefit assets they held in trust for the benefit of Joyce Cobb.

The trial court severed into a separate cause Alsbrooks's petition for a declaratory judgment to determine the character of certain property, to determine whether John Vernon Cobb contributed community property to the family partnership, and to determine whether Joyce Cobb became a limited partner in the family partnership after her husband's death. Alsbrooks contends the trial court improperly divided a single cause of action on claims that present a complete set of intertwined facts and issues, and that mandamus should issue to avoid a waste of resources and to expedite the final trial of a case that has been ongoing since 2009. The real parties in interest contend that each of Alsbrooks's requested declarations could be brought as a separate lawsuit, and that by severing the declaratory judgment action relating to the creation of a partnership interest from the remaining claims, the trial court avoided interjecting prejudicial evidence regarding John Walter Cobb's conduct as a fiduciary from a claim arising from the conduct of John Vernon Cobb before his death. They also contend the severance

3

will not cause undue delay because the trial court intends to try the second case almost immediately after the trial of the severed case.

On this record, the trial court could reasonably conclude that the facts and issues to be resolved in the severed declaratory judgment action are not so interwoven with the remaining claims that they involve the same facts and issues. Because the relator has not shown that he is entitled to mandamus relief, we deny his petition. *See* Tex. R. App. P. 52.8(a).

PETITION DENIED.

PER CURIAM

Submitted on March 11, 2014
Opinion Delivered March 27, 2014

Before McKeithen, C.J., Kreger and Johnson, JJ.

4