# IN THE SUPREME COURT OF TEXAS

No. 15-0777

IN RE CAROLYN FROST KEENAN, RELATOR

ON PETITION FOR WRIT OF MANDAMUS

**PER CURIAM**

Carolyn Frost Keenan seeks mandamus relief from trial court discovery orders that restrict access to ballots cast in a vote to amend neighborhood deed restrictions. We conditionally grant the writ.

Keenan lives in the River Oaks subdivision in Houston. Her home is subject to deed restrictions enforced by a homeowners' association, River Oaks Property Owners, Inc. (ROPO). In 2014, ROPO sued Keenan seeking an injunction requiring Keenan to remove improvements that allegedly violated a limit on impervious cover. The limit is found in 2006 "Amended Restrictions" that purported to amend the neighborhood's deed restrictions. Keenan filed a declaratory judgment counterclaim asserting that the Amended Restrictions were "not properly enacted" and were "unenforceable." In late 2014 Keenan amended her counterclaim to clarify a contention that an insufficient number of homeowners had voted for the Amended Restrictions to make them legally valid. Also in late 2014, ROPO, supplementing a previously filed summary judgment motion, contended that "over 75 percent of the square footage owners" approved the Amended Restrictions, the vote allegedly needed to approve the Amended Restrictions under

section 204.005 of the Property Code. A certification by ROPO indicates that the approval of the Amended Restrictions was close, in that owners of 75.87% of the property in the subdivision had voted in favor of the amendments.[1]

Keenan served a discovery request for production of the homeowner ballots on the 2006 Amended Restrictions. ROPO objected that the ballots were confidential and privileged voting records and were irrelevant to the dispute. Keenan moved to compel production. The trial court signed a January 27, 2015 order granting Keenan access to the ballots. But the order stated that only Keenan's counsel could review the ballots and that Keenan could not copy the ballots; it also provided that the contents of the ballots could not be disclosed "to anyone else" without further court order.

Keenan's counsel inspected the ballots and asked for modification of the January 27, 2015 order that would remove the restrictions on access to the ballots and order production of the ballots to Keenan. On June 1, 2015 the trial court held a hearing. Before and during the hearing, Keenan's counsel made clear his belief, based on his inspection of the ballots, that ROPO had received insufficient votes to approve the Amended Restrictions. He complained that he cannot himself be a witness at trial. The trial court refused to order production of the ballots, but stated that it might let Kennan subpoena them at trial. The court also stated that counsel could share his notes on the ballots with Kennan's expert.

Keenan sought mandamus relief in the court of appeals, which denied relief.

---

[1] The parties' briefing leaves us uncertain whether this dispute would be subject to section 204.005(b), which requires a vote of "the owners . . . of at least 75 percent of the real property in the subdivision," or section 204.005(c), which requires approval of "75 percent of the owners," whether the requirements are different in this case, or whether the parties disagree on these questions. We express no opinion on these questions as they are unnecessary to our disposition.

We conclude that Keenan is entitled to mandamus relief. A writ of mandamus will only issue if the trial court clearly abused its discretion and relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004). The Court may consider whether mandamus can spare the litigants and public "the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings." *Id.* at 136.

While the record and briefing before us does not present all the underlying issues in this case, we are persuaded that as the case has evolved a key issue is whether ROPO obtained sufficient votes to enact the 2006 Amended Restrictions. Keenan is entitled to challenge the sufficiency of the votes, but the trial court has so restricted Keenan's ability to do so that mandamus relief is warranted. Under the trial court's rulings, Keenan cannot introduce the ballots themselves to prove an insufficient vote to approve of the amendment in issue, nor will the ballots be a part of the record for purposes of appellate review. Keenan's attorney cannot reveal the contents of the ballots at trial under the January 27, 2015 order. Assuming no hearsay or best evidence problem, Keenan's counsel could in theory testify on this key factual dispute, if the trial court allows it, because he reviewed the ballots. But Keenan's counsel should not be forced to do so. Under Rule 3.08 of the Texas Disciplinary Rules of Professional Conduct, "A lawyer shall not . . . continue employment . . . if the lawyer knows or believes that the lawyer is or may be a witness necessary to establish an essential fact on behalf of the lawyer's client." Keenan's lawyer should not be forced to withdraw because the trial court's discovery rulings have made his knowledge the only means of presenting the factual support on a key issue. Rule 3.08 "should not be used as a tactical weapon to deprive the opposing party of the right to be represented by the lawyer of his or her choice." Rule 3.08 cmt. 10.

3

The trial court stated at the June 1, 2015 hearing that Keenan's counsel could share his notes with Keenan's expert. The parties argue whether this later oral ruling trumps the earlier written order prohibiting the attorney's disclosure of the contents of the ballots. Assuming that the later oral ruling allowed the attorney "to share your notes with your expert," this ruling would make the testimony of the expert highly dependent on the reliability and credibility of the attorney. It would in effect make the attorney a key fact witness, albeit a non-testifying witness. Making Keenan's proof at trial depend on what her own attorney gleaned from his review of the ballots, and then conveyed to an expert, would create a dual role similar to the dual role Rule 3.08 seeks to avoid. "Rule 3.08 is grounded principally on the belief that the finder of fact may become confused when one person acts as both advocate and witness." *Anderson Producing Inc. v. Koch Oil Co.*, 929 S.W.2d 416, 422 (Tex. 1996). Among the concerns of this dual role are that "the attorney may be more impeachable for interest and, therefore, a less effective witness," the dual role may place the attorney "in the unseemly and ineffective position of arguing his own credibility," and "the roles of advocate and witness are inconsistent, because the function of an advocate is to advance his client's cause and that of a witness is to state facts objectively." *Warrilow v. Norell*, 791 S.W.2d 515, 521 n.6 (Tex. App.—Corpus Christi 1989, writ denied). The outcome of the dispute should not turn, unnecessarily, on the credibility of a party's attorney. Keenan's expert should be able to review directly the ballots and testify as to whether a vote threshold for enacting the impervious cover deed restriction was achieved.

ROPO cites section 209.00594 of the Property Code in support of its claim that the ballots should be treated as confidential, though ROPO concedes that "the ballots are not statutorily protected as confidential, *per se*." Section 209.00594(c) states that only a person qualified to

4

tabulate votes in a property owners' association election "may be given access to the ballots." Section 209.00594 was enacted after the 2006 vote in issue, and the parties debate the legal question of the statute's retroactivity. We need not delve into the sometimes complex issue of retroactive application of a statute, because here, even if the statute is retroactive, section 209.00594(d) states that the statute "may not be construed to affect a person's obligation to comply with a court order for the release of ballots or other voting records."

ROPO argues more generally that votes cast in an election are traditionally treated as confidential in our society. ROPO is correct, and we do not foreclose the trial court from entering an appropriate protective order if it determines that the confidentiality of the ballots is an interest that should be protected in these circumstances. Such measures might include an order sealing the ballots, providing that only selected persons such as jurors, parties, attorneys, and experts are allowed to examine the ballots, requiring that the identity of the voters be redacted, or requiring that persons with access to the ballots not disclose their contents except as specified in the order. *See* TEX. R. CIV. P. 76a (pertaining to sealing of court records), 192.6 (authorizing protective orders that place terms and conditions on discovery, including sealing or otherwise protecting results of discovery).

For these reasons, and without hearing oral argument, *see* TEX. R. APP. P. 52.8(c), we conditionally grant mandamus relief directing the trial court to permit Keenan to copy the ballots and disclose them for purposes of discovery, expert analysis, trial preparation, and trial. The ballots should be included in the record. The court may order redaction of names of the voters or require the ballots to be filed under seal, or impose some other appropriate protective order to protect confidentiality. We are confident the court will comply, and the writ will issue only if it does not.

5

**OPINION DELIVERED:** September 30, 2016