

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-21-00018-CV

_____

IN RE C.A., INDIVIDUALLY AND AS NEXT FRIEND OF M.D.A., A MINOR CHILD, AND AS NEXT FRIEND OF D.T.A., AN INCAPACITATED ADULT; AND M.A., INDIVIDUALLY, Relators

---

Original Proceeding
67th District Court of Tarrant County, Texas
Trial Court No. 067-309719-19

---

Before Birdwell, Bassel, and Walker, JJ.
Memorandum Opinion by Justice Birdwell

## MEMORANDUM OPINION

In this mandamus proceeding, Relators C.A., individually and as next friend of M.D.A., a minor child, and as next friend of D.T.A., an incapacitated adult, and M.A., individually (collectively "C.A.") ask us to direct the trial court to quash the deposition of D.T.A. on the grounds that D.T.A. is not competent to testify. Because we find the trial court abused its discretion by compelling the deposition of D.T.A. without first conducting an examination sufficient to make an independent ruling on his competency and because C.A. lacks an adequate remedy by appeal, we conditionally grant mandamus relief and order the trial court to quash the deposition until the trial court conducts a competency examination of D.T.A.

## I.    BACKGROUND

D.T.A. was injured when the truck that he purchased from Davis Toyota was involved in a wreck. D.T.A. was sitting in the front passenger seat of the truck when the accident occurred. As a result of the wreck, D.T.A. was rendered mentally incapacitated. C.A. filed a lawsuit against real parties in interest—Don Davis Auto Group, Inc. d/b/a and f/k/a Don Davis Toyota and Don Davis, Inc. d/b/a and f/k/a Don Davis Toyota (collectively "Davis")—alleging that Davis made intentional misrepresentations about the safety of the vehicle.

On October 30, 2020, Davis served notice for the deposition of D.T.A. C.A. moved to quash the deposition claiming that D.T.A. is a mentally incapacitated adult and thus not competent to testify or give his deposition. Specifically, C.A. claimed

2

that D.T.A. cannot recount historic life events and suffers from cognitive deficits such as short-term memory loss, long-term memory loss, amnesia, and an inability to distinguish reality from delusion. C.A. also stated that D.T.A. is incapable of understanding his moral responsibility to tell the truth and is unable to understand what it means to take an oath at a deposition or trial. Davis filed a motion to compel in response.

On January 5, 2021, the trial court conducted a hearing on C.A.'s motion to quash the deposition and Davis's motion to compel. In the alternative to quashing the deposition, C.A. requested that before the court compelled D.T.A. to give his deposition, the court conduct an examination under Texas Rule of Evidence 601 to determine D.T.A.'s competency as a witness.

To prove that D.T.A. is mentally incapacitated, C.A. submitted the affidavit of D.T.A.'s treating physician, Dr. Munawar Haider. Dr. Haider swore that D.T.A. is not capable of taking an oath because he will not be able to understand its meaning. Moreover, Dr. Haider did not believe that D.T.A. can give true and completely accurate statements. Davis did not dispute Dr. Haider's opinion of D.T.A.'s medical condition, but instead argued that the issue of his competency was not relevant until the time of trial because Texas Rule of Evidence 601 (1) does not require the court to conduct a competency examination prior to the time that a witness gives his deposition and (2) applies only to trial witnesses, not to deposition witnesses.

On January 15, 2021, without examining D.T.A. to determine whether he was competent to give deposition testimony, the trial court entered an order denying C.A.'s motion to quash D.T.A's deposition and granting Davis's motion to compel.

On January 19, 2021, C.A. filed their petition for writ of mandamus asking this court to direct the trial court to quash the deposition of D.T.A. In the alternative, C.A. requested this court order the deposition of Dr. Haider on the subject of D.T.A.'s competency or allow an independent medical examination of D.T.A. to assist the trial court in determining whether D.T.A. is competent to testify at a deposition. Davis responded claiming that the Rules of Evidence do not require a trial court to rule on a witness's competency before the witness gives testimony at a deposition.

## II. DISCUSSION

### A. Mandamus Standard

This court may grant mandamus relief from a discovery order only when (1) the trial court's decision is so arbitrary and unreasonable that it is "a clear and prejudicial error of law" and (2) the relator has no adequate remedy by appeal. *In re State Farm Lloyds*, 520 S.W.3d 595, 604 (Tex. 2017) (orig. proceeding). In determining whether the trial court abused its discretion, we may not substitute our judgment for the trial court's determination of factual or other discretionary matters. *Id.* But because a trial court has no discretion in determining what the law is or applying it, we review its decisions on questions of law and application-of-law-to-fact questions much less deferentially. *Id.* A trial court's clear failure to correctly analyze or apply the law

4

is an abuse of discretion. *In re M-I L.L.C.*, 505 S.W.3d 569, 574 (Tex. 2016) (orig. proceeding).

When considering a claimed abuse of discretion, we are mindful that discovery's purpose is to seek the truth so that disputes may be decided by what the facts reveal, not by what they conceal. *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding). We also keep in mind that simply because requested information is discoverable "does not mean that discovery must be had." *State Farm Lloyds*, 520 S.W.3d at 605. And all discovery is "subject to the proportionality overlay embedded in our discovery rules and inherent" in the reasonableness standard. *Id.* at 599. In determining whether a trial court abused its discretion, we are generally bound by the record before the trial court at the time it made its decision. *M-I L.L.C.*, 505 S.W.3d at 574.

Even when a trial court abuses its discretion in making a discovery ruling, we will not intervene if the relator has an adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Appeal is inadequate when a party is in danger of losing substantial rights, such as (1) when an appellate court could not cure the trial court's discovery error, (2) when the discovery error vitiates or severely compromises a party's ability to present a viable claim or defense at trial, or (3) when a party cannot make excluded discovery part of the appellate record or the trial court, after proper request, refuses to make it part of the record. *See In re Van Waters & Rogers, Inc.*, 145 S.W.3d 203, 211 (Tex. 2004) (orig.

proceeding); *Walker v. Packer*, 827 S.W.2d 833, 843–44 (Tex. 1992) (orig. proceeding). In determining whether appeal is an adequate remedy, we must consider whether the benefits of mandamus review outweigh the detriments. *In re BP Prods. N. Am., Inc.*, 244 S.W.3d 840, 845 (Tex. 2008) (orig. proceeding); *see In re Garza*, 544 S.W.3d 836, 841 (Tex. 2018) (orig. proceeding) ("Appeal is not an adequate remedy where the practically certain effect of the sanctions will be reversal with the attendant waste of resources and time.").

The scope of discovery is generally within the trial court's discretion so long as a discovery order does not exceed what the Texas Rules of Civil Procedure permit. *See* Tex. R. Civ. P. 192.4; *State Farm Lloyds*, 520 S.W.3d at 604; *see In re N. Cypress Med. Ctr. Operating Co.*, 559 S.W.3d 128, 129 (Tex. 2018) (orig. proceeding) ("Our procedural rules allow broad discovery of unprivileged information that is 'relevant to the subject matter of the pending action.'" (quoting Tex. R. Civ. P. 192.3(a))). To be discoverable, evidence must be relevant and nonprivileged, but it need not be admissible if it is reasonably calculated to lead to the discovery of admissible evidence. *See* Tex. R. Civ. P. 192.3(a); *In re Nat'l Lloyds Ins.*, 532 S.W.3d 794, 808 (Tex. 2017) (orig. proceeding). Thus, although the permitted scope of discovery is generally broad, a discovery request "must show a reasonable expectation of obtaining information that will aid the dispute's resolution." *Nat'l Lloyds*, 532 S.W.3d at 808 (quoting *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003) (orig. proceeding)). A trial court must impose reasonable limitations on requested discovery (1) when it is

6

unreasonably cumulative or can be obtained from a more convenient, less burdensome, or less expensive source or (2) when the burden or expense to respond outweighs the discovery's likely benefit. Tex. R. Civ. P. 192.4; *see CSX*, 124 S.W.3d at 152–53. Appellate remedies generally cannot cure a trial court's order compelling discovery outside its permitted scope, such as when the trial court orders production of privileged, overly burdensome, or "patently irrelevant or duplicative" materials; appeal of such an order is inadequate. *See Walker*, 827 S.W.2d at 843. Likewise, a trial court's denying or unreasonably restricting discovery can render an appeal inadequate. *See In re Keenan*, 501 S.W.3d 74, 76 (Tex. 2016) (orig. proceeding); *Van Waters & Rogers, Inc.*, 62 S.W.3d at 199–201.

**B.     The Rules of Evidence Require Trial Courts to Examine a Deposition Witness to Determine the Witness's Competency before the Witness is Required to Give Deposition Testimony.**

C.A. and Davis's disagreement centers on the interpretation of Texas Rules of Evidence 104 and 601 as they relate to a deposition witness's testimony. Rule 104(a) requires trial courts to determine whether a witness is competent to testify before the witness gives his or her testimony. *See* Tex. R. Evid. 104(a). Rule 601 recites that every person is competent to be a witness except: (1) a person who is now insane or was insane at the time of the events about which the person is called to testify; and (2) a child—or any other person—whom the court examines and finds lacks sufficient intellect to testify concerning the matters in issue. *See* Tex. R. Evid. 601(a). Such individuals are deemed incompetent to serve as witnesses.

7

According to C.A., Rules of Evidence 104 and 601 require a trial court to examine a deposition witness for competency—after a party alleges that the witness is incompetent—but *before* the witness is required to give his deposition. Davis, on the other hand, avers that those rules do not apply to deposition witnesses and their testimony. Davis argues that a trial court has no duty to examine a witness—for the purpose of determining if a witness is competent—prior to the witness giving his deposition testimony.

To decide if the trial court abused its discretion by refusing to conduct a competency examination of D.T.A., we must construe Texas Rules of Evidence 104 and 601 as they relate to deposition witness testimony. In construing the meaning of a rule of evidence, an appellate court "should attempt to effectuate the plain language absent important countervailing considerations." *Lopez v. State*, 253 S.W.3d 680, 685 (Tex. Crim. App. 2008). Hence, the plain language of the rules is the place where we begin our analysis. *McQuarrie v. State*, 380 S.W.3d 145, 150 (Tex. Crim. App. 2012) (citing *Henderson v. State*, 962 S.W.2d 544, 551 (Tex. Crim. App. 1997)).

In interpreting the plain language of a word in a rule, we first look to the word's definition as prescribed by the Rules of Evidence. In the absence of a definition in the rules, we construe words according to the rules of grammar and common usage. *See* Tex. Gov't Code Ann. § 311.011(a); *see also In re Ford Motor Co.*, 442 S.W.3d 265, 271 (Tex. 2014) (orig. proceeding) (holding that in the absence of statutory definitions, the "ordinary meaning of the statutory text is the first dip of the

8

oar as courts embark on interpretation of a statute"). To determine a word's common, ordinary usage, we look to a wide variety of sources, including dictionary definitions, the appellate courts' prior constructions of the word in other contexts, and the use and definitions of the word in other statutes and ordinances.[1] *See Jaster v. Comet II Constr., Inc.*, 438 S.W.3d 556, 563 (Tex. 2014) (plurality op.).

## 1. Texas Rule of Evidence 104 – Preliminary Questions

The relevant language in Texas Rule of Evidence 104 provides that trial courts must decide any preliminary question regarding whether a witness is qualified. Tex. R. Evid. 104(a). The terms "witness," "preliminary," and "qualified," are not defined in the Rules of Evidence. *See* Tex. R. Evid. 101(h). Black's Law Dictionary, however, defines these terms.

The legal dictionary states that a "witness" is "[s]omeone who gives testimony under oath or affirmation (1) in person, (2) by *oral or written deposition*, or (3) by affidavit."[2] Black's Law Dictionary (11th ed. 2019) (emphasis added). We also note that the Texas Rules of Civil Procedure refer to a person giving deposition testimony

[1]The Texas Rules of Evidence govern civil and criminal proceedings in all courts of Texas except small claims courts. *See* Tex. R. Evid. 101(b); *Schronk v. City of Burleson*, 387 S.W.3d 692, 703–04 (Tex. App.—Waco 2009, pet. denied). And because the Rules of Evidence are equally applicable to both Texas civil and criminal cases, Texas criminal cases may be looked to for guidance in construing the Rules of Evidence in civil cases. *See Tex. Dep't of Transp. v. Pate*, 170 S.W.3d 840, 850 (Tex. App.—Texarkana 2005, pet. denied) (applying criminal cases in construing Texas Rule of Evidence 607).

[2]Further, the legal definition of "witness" recites that a "witness must be legally competent to testify." Black's Law Dictionary (11th ed. 2019).

as a "witness." *See* Tex. R. Civ. P. 199.5(a). Accordingly, based on the ordinary meaning of the word "witness" as demonstrated by reference to standard legal definitions and the use of the word in other statutory contexts, we conclude that Rule of Evidence 104 is not limited to trial witnesses and thus applies to deposition witnesses. Had the Supreme Court intended to limit the meaning of "witness" to trial witnesses, we presume it would have said just that. *Cf. TGS–NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011).

Black's Law Dictionary defines "preliminary" as "[c]oming before" and "leading up to the main part of something happening before something that is more important, often in preparation for it." Black's Law Dictionary (11th ed. 2019); *see also Gilley v. State*, 418 S.W.3d 114, 120–21 (Tex. Crim. App. 2014) (holding that the competency of a witness is a question for the trial court to determine under Rule 104(a) of the Texas Rules of Evidence before the witness testifies); *Kokes v. Angelina College*, 148 S.W.3d 384, 389 (Tex. App.—Beaumont 2004, no pet.) (per curiam) (holding that witness competency is a *threshold* question for the trial court to determine pursuant to Texas Rule of Evidence 104(a)). Based on the legal definition of the word and its construction by other appellate courts, we hold that the word "preliminary"— as used in Rule 104—means that a trial court must decide if a witness is qualified *before* the witness gives his testimony.

Finally, Black's Law Dictionary defines "qualified" as "[p]ossessing the necessary qualifications; capable or competent." Black's Law Dictionary (11th ed.

2019); *see In re R.M.T.*, 352 S.W.3d 12, 16–18 (Tex. App.—Texarkana 2011, no pet.) (stating that an incompetent person is not qualified to testify at trial); *see also Davis v. State*, 268 S.W.3d 683, 699–700 (Tex. App.—Fort Worth 2008, pet. ref'd) (same); *Mobil Oil Corp. v. Floyd*, 810 S.W.2d 321, 323 (Tex. App.—Beaumont 1991, orig. proceeding) (per curiam) (holding that an incompetent person cannot be compelled to give deposition testimony). As used in Rule 104, we hold that the word "qualified" means competent to give testimony.

Accordingly, based on the ordinary meaning of the words "witness," "preliminary," and "qualified" as demonstrated by reference to standard legal definitions, the appellate courts' prior constructions of the words in other contexts, and the use of the words in other statutory contexts, we conclude that Rule of Evidence 104, as it relates to deposition witnesses, requires trial courts to determine whether a deposition witness is competent before the witness gives his deposition testimony. *See Ford Motor Co.*, 442 S.W.3d at 271; *Jaster*, 438 S.W.3d at 563.

### 2. Texas Rule of Evidence 601 – Competency to Testify

The relevant language in Texas Rule of Evidence 601 provides that every person is competent to be a witness except a child—or any other person—whom the court examines and finds lacks sufficient intellect to testify concerning the matters in issue. Tex. R. Evid. 601(a). The Rules of Evidence do not define the pertinent words included in Rule 601. *See* Tex. R. Evid. 101(h). Accordingly, as we did when construing Rule of Evidence 104, we look to the words in the rule and their common,

11

ordinary usage. And in doing so, we again rely on the words' dictionary definitions, the appellate courts' prior constructions of the words in other contexts, and the use and definitions of the words in other statutes and ordinances. *See Jaster*, 438 S.W.3d at 563.

The language of Rule 601 reflects that it applies to any person's intellect to "testify" concerning the "matters in issue." Black's Law Dictionary defines "testify" as "[t]o give evidence as a witness." Black's Law Dictionary (11th ed. 2019). This court defined "testimony" as "a statement made by a witness under oath."[3] *In re Guardianship of A.E.*, 552 S.W.3d 873, 881 n.5 (Tex. App.—Fort Worth 2018, no pet.) (citing *Cauble v. Key*, 256 S.W. 654, 655 (Tex. App.—Austin 1923, no writ)). The Texas Rules of Civil Procedure reflect that a witness's statements given during his deposition constitute "testimony."[4] Tex. R. Civ. P. 199.1(a). The language in Rule

---

[3]A deposition witness must take an oath before giving testimony. *See* Tex. R. Civ. P. 199.5. An oath is any form of attestation by which a person signifies that he or she is bound in conscience to perform an act faithfully and truthfully. *State v. Hodges*, 595 S.W.3d 303, 306 (Tex. App.—Amarillo 2020, pet. ref'd) (citing *Vaughn v. State*, 177 S.W.2d 59, 60 (Tex. Crim. App. 1943)).

[4]We note that the rules of evidence and civil procedure treat testimony given by trial and deposition witnesses as functional equivalents. *See* Tex. R. Civ. P. 199.5(d) (stating that a deposition must be conducted in the same manner as if the testimony were being obtained in court during trial). For example, both trial witnesses and deposition witnesses are required to take an oath prior to giving testimony. *See* Tex. R. Civ. P. 199.5; Tex. R. Evid. 603; *see also Glenn v. C & G Elec., Inc.*, 977 S.W.2d 686, 689 (Tex. App.—Fort Worth 1998, pet. denied) (holding that the oath requirement applies not only to those who will testify in person in the courtroom, but also to those who testify by deposition). Additionally, incompetent trial witnesses and deposition witnesses are prohibited from giving testimony. *See* Tex. R. Evid. 601(a); *Baldit v.*

601, as in Rule 104, does not limit its application to testimony offered at trial. And again, we presume that if the Supreme Court had wanted to limit the rule's application to trial testimony, it would have stated so in the language of the rule. *See TGS–NOPEC Geophysical Co.*, 340 S.W.3d at 439.

Finally, Black's Law Dictionary, defines "matter" as a "subject under consideration, esp. involving a dispute or litigation." Black's Law Dictionary (11th ed. 2019).

After construing Rule 601, we hold that the plain language of the rule provides that every person is competent to be a witness except a person whom the court examines and finds lacks sufficient intellect to make a statement under oath during trial or deposition concerning a subject of a dispute or litigation.

---

*State*, 522 S.W.3d 753, 761 (Tex. App.—Houston [1st Dist.] 2017, no pet.) (stating incompetent witnesses are prohibited from testifying at trial); *Kokes*, 148 S.W.3d at 390 (holding that deposition witness was competent and able to give testimony because he understood the obligations of his oath); *Hunter v. NCNB Tex. Nat'l Bank*, 857 S.W.2d 722, 727 (Tex. App.—Houston [14th Dist.] 1993, writ denied) (holding deposition testimony was properly excluded because witness was incompetent); *Mobil Oil Corp.*, 810 S.W.2d at 323 (holding trial court did not err in admitting testimony of deposition witness because the witness was competent).

Additionally, we note that deposition testimony evidence carries the same weight as trial testimony. *See Austin v. Weems*, 337 S.W.3d 415, 427 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (holding that the jury was free to believe the witnesses' trial testimony or the witnesses' contradictory deposition testimony); *cf. McGuffin v. Terrell*, 732 S.W.2d 425, 427 (Tex. App.—Fort Worth 1987, no writ) (holding that the evidence at trial consisted mainly of appellant's testimony and the deposition testimony of her doctor); Tex. R. Evid. 801(e)(3) (setting out rule that a deponent's statement taken in the same proceeding is not hearsay).

In sum, our construction of Rules of Evidence 104 and 601—as they relate to deposition witnesses—informs us that trial courts have a duty to examine a deposition witness to determine the witness's competency before the witness gives his deposition.

## C. A Trial Court's Duty to Conduct a Competency Examination is Triggered Once the Issue is Raised by a Party.

Rule 601 contains a presumption that every person is competent to testify. Accordingly, a trial court has no duty to conduct a preliminary competency examination on its own motion. *McGinn v. State*, 961 S.W.2d 161, 165 (Tex. Crim. App. 1998) ("[U]nlike the incompetency to stand trial statute, Rule 601 does not expressly impose upon the trial court the duty to conduct an inquiry on its own motion."). Rule 601's presumption of competency requires a party seeking to exclude a witness from testifying to raise the issue of the witness's competency and to establish the witness's incompetency by a preponderance of the evidence. *Gilley*, 418 S.W.3d at 120–21 (holding that the "party seeking to exclude the witness from testifying must raise the issue of his competency and shoulders the burden of establishing incompetency"); *R.M.T.*, 352 S.W.3d at 25 (holding that a witness's incompetence to testify must be established by a preponderance of the evidence). Once the issue of competency is raised, however, the trial court must make "an

independent ruling on competency."[5] *See Valles v. State*, Nos. 05-17-00164-CR, 05-17-00165-CR, 2018 WL 3359072, at *2 (Tex. App.—Dallas July 10, 2018, no pet.) (mem. op. on reh'g, not designated for publication) (citing *Baldit*, 522 S.W.3d at 761); *see also Davis*, 268 S.W.3d at 699 (holding that once the competency of a child witness is challenged, the trial court must assure itself that the child is competent to testify); *Kirk v. State*, 653 S.W.2d 647, 651 (Tex. App.—Fort Worth 1983, no pet.) (holding that once an objection is leveled at the competency of a witness, the trial court has a duty to conduct a competency hearing).

Although trial courts have a great deal of discretion to determine a witness's competency, a trial court's decision can only be made after the trial court *examines* the allegedly incompetent witness.[6] *See Pipkin v. Kroger Tex., L.P.*, 383 S.W.3d 655, 668 (Tex. App.—Houston [14th Dist.] 2012, pet. denied). The trial court's competency

---

[5]To demonstrate incompetency, it must be shown that the witness did not have the capacity to observe intelligently at the time of events in question, that a witness lacks the capacity to recall and narrate the events at time of trial, or that the witness lacks the capacity to understand the obligation of the oath. *R.M.T.*, 352 S.W.3d at 25; *Mobil Oil Corp.*, 810 S.W.2d at 323. The third element involves the ability to understand the moral responsibility to tell the truth, to understand the questions posed, and to frame intelligent answers. *Hogan v. State*, 440 S.W.3d 211, 214 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd); *Rodriguez v. State*, 772 S.W.2d 167, 170 (Tex. App.—Houston [14th Dist.] 1989, pet. ref'd).

[6]The ruling of a trial court on the issue of competency will not be disturbed on appeal absent a showing of an abuse of discretion. *Hunter*, 857 S.W.2d at 727. The determination of a witness's competency is within the sound discretion of the trial court. *Garcia v. State*, 573 S.W.2d 12, 14 (Tex. Crim. App. [Panel Op.] 1978); *DeLeon v. State*, 985 S.W.2d 117, 119 (Tex. App.—San Antonio 1998, pet. ref'd) (holding that the trial court is given broad discretion in determining preliminary questions regarding the admissibility of evidence).

examination, however, need not be conducted in the same manner as a formal hearing.

We addressed the scope of a trial court's competency examination in *Gilley v. State*, 383 S.W.3d 301 (Tex. App.—Fort Worth 2012), *aff'd*, 418 S.W.3d 114 (Tex. Crim. App. 2014). In that case, the appellant claimed that the complainant was incompetent and therefore should be prohibited from testifying pursuant to Rule 601. *Id.* at 302. In response, the trial court examined the complainant in chambers and found that she was competent. *Id.* at 303. On appeal, the appellant argued that the trial court violated Rule 601 by conducting the competency exam outside of his presence. *Id.* at 305–06. We disagreed and pointed out that there is nothing in the plain language of Rule 601 that prohibits anyone other than the trial judge and the witness from the examination and that there also is nothing in the plain language that compels that anyone else attend. *Id.* Further, we noted that the rule provides, in pertinent part, that children "who, *after being examined by the court*, appear not to possess sufficient intellect to relate transactions with respect to which they are interrogated" are incompetent to testify.[7] *Id.* at 305. Finally, we pointed out that Rule 601's use of the word "examined," as in "examined by the court," does not imply an adversarial hearing and that to examine is more akin to conducting an "inspection," "review," and "determination." *See id.* at 306. In sum, we held that the only two individuals

---

[7]Although *Gilley* involved the competency of a child witness, as stated above, Rule 601 applies equally to "any other person." *See supra* p. 14; Tex. R. Evid. 601(a)(2). Accordingly, *Gilley* is applicable to our analysis of this case.

whose presence during a competency examination is required by the plain language of Rule 601 are the trial judge and the witness. *Id.*

The Court of Criminal Appeals agreed with our interpretation of Rule 601. In its opinion affirming *Gilley*, the Court stated that a trial court has discretion to permit the parties to participate in the Rule 601(a)(2) examination and may even allow the parties themselves to propound the questions, so long as the trial court itself "makes an independent ruling on competency" based on that questioning. *Gilley,* 418 S.W.3d at 121. Moreover, the Court held that the language of Rule 601(a)(2) "certainly does not, on its face, require the trial court to permit party participation. And there is no particular reason why it should, since the typical inquiry into [any other person's] capacity to relate facts and appreciate the virtue of veracity is hardly complex." *Id.* (footnote omitted).

Finally, we note that in making a competency determination, a trial court may rely on an expert's opinion. *See Escamilla v. State*, 334 S.W.3d 263, 266–67 (Tex. App.—San Antonio 2010, pet. ref'd) (holding trial court's determination that child was competent to testify—after hearing testimony from psychologist that child communicated well, had no delusions, did not have any problems with memory functions, was coherent and logical, and her intelligence was appropriate for her culture—was not an abuse of discretion); *but see State ex rel. Holmes v. Lanford*, 764 S.W.2d 593, 594 (Tex. App.—Houston [14th Dist.] 1989, orig. proceeding) (stating

that a trial court does not need any "in-depth psychological probing" of a witness in order to determine if the witness is competent to testify).

**D.     The Trial Court Abused Its Discretion by Failing to Conduct a Competency Examination Before Compelling D.T.A.'s Deposition Testimony Once the Issue was Raised.**

Here, C.A. raised the issue of D.T.A.'s competency as soon as Davis served its notice to take D.T.A.'s deposition.  C.A. moved to quash the deposition claiming that D.T.A. is a mentally incapacitated adult and thus not competent to give a deposition. In the alternative to quashing the deposition, C.A. requested that the trial court conduct an examination of D.T.A. pursuant to Rule 601 to determine D.T.A.'s competency as a witness before compelling his deposition.  Specifically, C.A. claimed that D.T.A. cannot recount historic life events and suffers from cognitive deficits such as short-term memory loss, long-term memory loss, amnesia, and an inability to distinguish reality from delusion.  C.A. also stated that D.T.A. is incapable of understanding his moral responsibility to tell the truth and is unable to understand what it means to take an oath at a deposition or trial.  Further, to support their claim that D.T.A. is mentally incapacitated, C.A. submitted the affidavit of D.T.A.'s treating physician, Dr. Haider.  Dr. Haider swore that D.T.A. is not capable of taking an oath because he will not be able to understand its meaning.  Moreover, Dr. Haider averred that he does not believe that D.T.A. can make true and completely accurate statements.

The trial court's duty to examine D.T.A.'s competency to give deposition testimony was triggered once C.A. raised the issue in the trial court. On January 15, 2021, however, without examining D.T.A. to determine his testimonial competency, the trial court entered an order denying C.A.'s motion to quash D.T.A.'s deposition and granting Davis's motion to compel. We hold that the trial court abused its discretion in ordering D.T.A.'s deposition without first determining that D.T.A. was competent to testify.[8] Further, no adequate remedy by appeal exists on this ruling because an appellate court could not cure the trial court's error in ordering the deposition. *AMR Corp. v. Enlow*, 926 S.W.2d 640, 644 (Tex. App.—Fort Worth 1998, orig. proceeding) (holding "no adequate remedy by appeal exists on this ruling because an appellate court could not cure the trial court's error in ordering the apex deposition"). Accordingly, we conditionally grant the writ of mandamus, which will only issue if respondent fails to vacate his January 15, 2021 order compelling D.T.A.

---

[8]To the extent the trial court's ruling contemplated a competency determination only when a party offered D.T.A.'s deposition testimony at trial, it is clear from Rule 601 that the determination must occur either before or contemporaneously with the proposed testimony, otherwise there is no way the trial court could know if the witness was competent *at the time the testimony was given*. Any deposition testimony given by D.T.A. without a threshold competency determination will not be considered hearsay, but admissible non-hearsay at the trial on the merits. Tex. R. Evid. 801(e)(1); Tex. R. Civ. P. 203.6(b) ("All or part of a deposition may be used for any purpose in the same proceeding in which it was taken."). Indeed, the transcription of such testimony must be submitted to D.T.A. for signature and changes, if any, before its use during trial. Tex. R. Civ. P. 203.1(a), (b). Although the possibility exists that the trial court could review D.T.A.'s deposition testimony, and any changes he makes thereto, retrospectively, and thereby determine his testimonial competence after the fact, this approach sets the cart before the horse and is exactly the opposite of the threshold determination required by Rules 104 and 601.

to appear for deposition and fails to examine D.T.A. to determine if he is competent to give deposition testimony. Additionally, the stay of the trial court's order is hereby lifted to facilitate proceedings consistent with this opinion.

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered: July 1, 2021

20