

# NUMBER 13-19-00487-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE USAA GENERAL INDEMNITY COMPANY

## On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

### Before Justices Benavides, Longoria, and Perkes
### Memorandum Opinion by Justice Benavides[1]

Relator USAA General Indemnity Company filed a petition for writ of mandamus in the above cause through which it contends the trial court abused its discretion in granting a motion to compel the deposition of its corporate representative. In the underlying case, real party in interest Frank Wearden has filed suit against relator for breach of contract and declaratory judgment seeking benefits under the underinsured motorist provision of his insurance policy.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); *see also id.* R. 47.4 (distinguishing opinions and memorandum opinions).

Mandamus is an extraordinary remedy issued at the discretion of the court. *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam). To obtain relief by writ of mandamus, a relator must establish that an underlying order is void or is a clear abuse of discretion and there is no adequate appellate remedy. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *see In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d at 712; *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by Wearden, the reply thereto filed by the relator, Wearden's sur-reply, and the applicable law, is of the opinion that the relator has not met its burden to obtain mandamus relief. *See* TEX. R. CIV. P. 192.6 (governing protective orders designed "to protect the movant from undue burden, unnecessary expense, harassment, annoyance, or the invasion of personal, constitutional, or property rights"); *id.* R. 199.1 (providing that "a party may take the testimony of any person or entity"); *Mobile Oil Corp. v. Floyd*, 810 S.W.2d 321, 323–24 (Tex. App.—Beaumont 1991, orig. proceeding) ("A party to a suit has the right to depose the opposing party."); *see also In re Perry*, No. 13-18-00676-CV, 2019 WL 1723509, at *1–8 (Tex. App.—Corpus Christi–Edinburg Apr. 18, 2019, orig.

proceeding) (mem. op.) (collecting and discussing cases); *In re Luna*, No. 13-16-00467-CV, 2016 WL 6576879, at *1–8 (Tex. App.—Corpus Christi–Edinburg Nov. 7, 2016, orig. proceeding) (mem. op.). Accordingly, we DENY the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).

GINA M. BENAVIDES,
Justice

Delivered and filed the
24th day of March, 2020.